DRURY and STRONG, Administrators of ELISHA STRONG, *vs.* SHUM-WAY.

It is a breach of a covenant of warranty in a conveyance of land, if, final judgment in ejectment be rendered against the grantee, although the grantee continue in possession of the land by means of a subsequent purchase.

In an action for a breach of such covenant of warranty, it is a general rule, that the value of the land at the time of eviction, with interest from that time to the time of rendering the judgment, is the measure of damages ; but there are exceptions to this rule. In a case, where the plaintiff in an action of covenant, had, on eviction, recovered of the plaintiff in ejectment a sum for his betterments, that sum will be deducted from the value of the land in assessing the damages.

*Rutland,*
*January,*
*1797.*

THIS was an action on a covenant of warranty, in a deed of conveyance, from the defendant to the intestate, in his life time.

The conveyance was of two hundred and twenty acres of land in Brandon, being Lots No. 23 and 35, drawn to the original right of N. F.

It appeared on trial that after the death of Elisha Strong, the administrators, by virtue of an act of the Legislature, sold the said two hundred and twenty acres of land to E. K., and in the year 1789, one Maxwell recovered a judgment against E. K. in an action of ejectment for the same land, under an adverse title. E. K. was by law entitled to betterments on the land, and on a bill filed, recovered of Maxwell £120.

It was stated by the counsel for the defendant, that Maxwell had never taken out a writ of possession on his judgment, and that E. K. had continued to possess the land, and had acquired a good title under a vendue sale for the collection of a certain tax—they therefore contended, that there never had been, and indeed could not be, an actual ouster of any person claiming under the title derived from the defendant.   But,

*Rutland,*
*January,*
*1797.*
Strong
*vs.*
Shumway.

The Court were of opinion, that the judgment, in the action of ejectment, which was against the title, was a sufficient breach of the covenant of warranty to support this action—that it was no prejudice to the defendant, that E. K. had not suffered himself, after the judgment, to be put out of possession, or had purchased the real title to the land.   The covenant was broken, by the vendor's failing to defend the title on a final trial.

It was contended by the counsel for the plaintiff, that the plaintiff was entitled to recover the value of the land, at the time of the eviction, with interest from that time.

*By the Court.*   It is a general rule, in an action on a covenant of warranty, that the value of the premises at the time of the eviction, with interest from the time the judgment was rendered, shall be the measure of damages.   But there ere exceptions to this rule. In this case, E. K. had not been ousted of the full value of the premises.   He had recovered £120 for his betterments, which, in the opinion of the Court, ought to be considered in assessing the damages.

<div align="center">The Jury found a verdict accordingly.</div>