### MOSES CATLIN vs. DANIEL HURLBURT.

A covenant in a deed of land, *that the grantor is well seized in fee simple, and has good right to bargain and sell the premises,* imports a covenant of title.

In such case the measure of damages is the consideration money and interest thereon.

That the covenantee had conveyed away the land by deed of warranty, is no defence for the covenantor.

In case of a recovery, by the covenantee, on the covenant of seizin, the court will order stay of execution till he shall have lodged a discharge, or quit-claim deed, from his grantee.

That the plaintiff had cut timber on the land subsequently to the date of the deed from the covenantor to him, cannot be given in evidence in mitigation of damages, because he is liable to the owner of the land for such injury.

This was an action of *covenant*, brought upon the covenants in a deed given by the defendant and one Benjamin Boardman to the plaintiff. The words of the covenant declared upon were, *that*

CHITTENDEN, *the said Hurlburt and Boardman, at the time, &c., were well*
January,
1831.        *seized of the premises in fee simple, and had good right to bar-*

Catlin       *gain and sell the same,* &c.   The defendant pleaded, 1st. That
vs.          he and Boardman were well seized, &c.   2d. That the defen-
Hurlburt.    dant alone was well seized, &c.   The issues were joined to the
jury.   The defendant showed a deed of warranty from the plain-
tiff to one Lynde Catlin of the same premises.   The defendant
also attempted to show a charter-title in himself and Boardman,
but wholly failed.   There was a verdict for the plaintiff for the
consideration money and interest, and exceptions allowed, on
which the action was removed to this Court.

*Bailey & Marsh, for the defendant.*—1. The signification of
the word *seizin* is limited to possession, and seizin or possession
may be actual or constructive.   In the latter case, it is called sei-
zin in law ; in the former, seizin in deed.   If there be actual pos-
session, whether tortious or lawful, it matters not, that is a good
seizin in deed.   He who has an hour's actual possession, quietly
taken, has a seizin *de droit et de claime.-Perkins,* 457, 458.
Seizin in law is colour of title,whether by purchase or inheritance,
not perfected by possession.   There are many cases of good sei-
zin in law without title or possession.   If the defendant was seiz-
in either in law or deed, it is sufficient, though it might be by de-
feasible title; for the covenant is general, *well seized,* without say-
ing how.   A tortious seizin in deed is a good seizin to satisfy
this covenant.—*Bearse* vs. *Jackson,* 4 *Mass.* 408 ; *Twambly* vs.
*Henley, do.* 441 ; *Prescott* vs. *Trueman, do.* 627 ; *Marston*
vs. *Hobbs,* 2 *Mass.* 433 ; *Chapel* vs. *Bull,* 16 *Mass.* 213.   For
similar reasons, a claim, accompanied with colour of title, which
could at any moment be converted into an actual seizin, must be
a sufficient seizin in law to satisfy this covenant, at least, when,
as in the present case, the grantee does in fact, acquire a perfect
seizin in deed under, and by virtue of, the conveyance.   It can-
not, therefore, be said that nothing passed by the deed ; for it was
by virtue of the deed that plaintiff acquired his seizin in fact ; and
he having received this benefit at our hands, ought not to be per-
mitted to say, even in an action on this covenant, that nothing
passed by the deed.   We have thus far treated the case on common
law principles ; but a reference to the statute will make the point
still clearer.   By the 3d section of the act regulating conveyan-
ces, *(Stat. p.* 167,) livery of seizin is dispensed with, and it is
provided, that the recording of a deed, properly executed and

acknowledged, shall be sufficient to pass the title.  Now if the
deed to the grantors had been accompanied with livery of seizin,
they would have had a good seizin in deed, within the meaning
of this covenant.  But the deed to the grantors was accompanied
with that which by statute is equivalent to livery of seizin, viz. re-
cording.  Consequently, as the grantors claimed under a well exe-
cuted deed, and as neither the deed to them, nor their deed to the
plaintiff, was void by reason of adverse possession, nor for any
other cause, and was effectual to give actual sezin, it is a satisfac-
tion of the covenant.  It may, therefore, be safely contended, that
the words, " *well seized,*" do not import a covenant of title.

2. Whatever may be the opinion of the Court on the first point,
it is clear, that if plaintiff recovers he can recover only nominal
damages.  No actual damage is shown.  The loss of the land,
and, consequently, of the consideration paid, is not a damage ne-
cessarily resulting, in legal contemplation, from the want of title in
the covenantor ; for, *non constat,* that the grantee's possession will
ever be disturbed.  The actual damage shown in evidence must
be the rule of recovery.  The grantee may, at any time, entitle
himself to recover damages by purchasing in the outstanding title,
which is in the nature of an incumbrance ; but till he has done
so, or has been evicted, he has, in contemplation of law, sustained
no damage, and shall recover nominal damages only.—*Prescott*
vs. *Trueman,* 4 *Mass.* 627 ; *Delevergne* vs. *Norris,* 7 *Johns.*
*Rep.* 358 ; *Wyman* vs. *Ballard,* 12 *Mass.* 304 ; *Deforest* vs.
* * * * * 16 *Johns. Rep.* 122 ; *Stannard* vs. *Eldridge, do.* 254.
If a grantee can recover more than nominal damages in such a
covenant as this, it is on the ground of the probable contingency
of an eviction.  In the present case▸*Moses Catlin,* having dispos-
ed of his whole interest in the land, is no longer liable to eviction,
or any other direct damage, and the contingency can never hap-
pen as to him.  His right, therefore, to damages on this covenant
cannot be any thing more than nominal, unless it is because he is
liable over to Lynde Catlin on the same covenant in his deed.
But the case shows he never can be liable to Lynde Catlin on the
covenant of seizin, because, before the conveyance to him, he had,
under one deed, a good seizin in fact, and he and none other, had
good right to convey ; and their seizin has been kept good by
various and continued acts of ownership, up to the commence-
ment of the suit.  It would be great injustice for plaintiff to recov-
er back the consideration money paid, and yet retain that receiv-
ed by him of his grantee.  Upon a breach of the covenant of

CHITTENDEN warranty, Lynde Catlin might recover full damages against the
January
1831. defendant ; and a recovery in this action would be good, neither
Catlin as a bar, nor in mitigation of damages ; and so the defendant
vs. would be compelled to pay double damages for a breach of the
Hurlburt. same covenant.—*Wyman* vs. *Ballard*, 12 *Mass*. 304.

3. But if the Court should be against us on this ground, also,
there is no good reason why the plaintiff should not account for
the timber cut from the land. Having purchased it of us, he is,
for this purpose at least, estopped to deny our title ; and it not ap-
pearing that he has been obliged to account for it else where, he
ought to allow it to us.

*C. Adams, for the plaintiff.*—1. The covenant in this case was
broken at the execution of the deed ; and, therefore, the right of
action is in the plaintiff, and not in Lynde Catlin. The doctrine
has long been established, that the covenant of seizin is a personal
covenant—that it does not run with the land ; but the suit lies in
the name of the original party.—*Williams* vs. *Wetherbee*, 1 *Aik.*
238 ; *Garfield* vs. *Williams*, 2 *Vt. Rep.* 327 ; 4 *Kent's Com.*
459.

2. There is nothing in this case, to take it out of the general
rule. It appearing, that defendant having no title to the lands,
plaintiff's entering on them, was tortious, and, by cutting timber, he
became a trespasser, for which he is responsible to the true owner
of the land. In the case of *Garfield* vs. *Williams*, nominal dam-
ages were given ; but that is a peculiar case. The plaintiff there
had continued upon the land, until all right of action against him
was gone. His title had became perfect. He could not be ·
made responsible either for the original entry or for any subsequent
act. For whose benefit, then, should the title thus acquired be ?
Undoubtedly for the benefit of both parties. Garfield was not
obliged to have remained : he might have abandoned, and recov-
ered his consideration and interest ; but, having remained there,
until his title became perfect, he must be considered as having
waived the damages, *quoad hoc*; and the only question was,
whether there should have been any damages. If, subsequent to a
conveyance without title, the grantor procures a good title to the
grantee, which is by him accepted, and he continues in possession,
it would seem that all right of action on the covenant is gone.
But that is not the case before the Court. Plaintiff here never
was in possession of the land, and the difficulty is, he cannot get
it.

HUTCHINSON, C. J., after stating the case, pronounced the opinion of the Court.—The defendant's counsel object, that the plaintiff has no right of action, upon the facts, which appear in the exceptions.   The issue being taken on the alleged breach of the covenant of seizin, and found for the plaintiff, that establishes the plaintiff's right to recover something if the instructions to the jury were correct.   That breach existed at the date of the deed from the defendant and Boardman to the plaintiff; and the plaintiff's right of action for that breach could not be assigned to Lynde Catlin, so as to enable him to maintain an action at law, except in the name of the present plaintiff.   According to repeated decisions, that covenant does not run with the land, because, if ever broken, it is broken at the date of the deed containing that covenant.

CHITTENDEN
January,
1831,

Catlin
vs.
Hurlburt.

The defendant's counsel next urge, that the plaintiff, if he recovers, is entitled to nominal damages only, when in fact the instructions to the jury warranted, and the jury have found, full damages ; that is, the amount of the consideration of the purchase, and interest on the same to the time of trial.   It is said, in support of this objection, this covenant of seizin is satisfied by a seizin in fact or in law ; and the decisions in the neighboring states are produced as authorities in point.   These are applicable on a covenant of seizin only.   It is probable that covenant was anciently introduced into deeds, to guard against such an adverse possession as would render the deed void ; as would have been the case at common law, and is now the case by virtue of our statute, if there be an adverse possession.   While we had no such statute in this state, and there was no special reason for inserting that covenant, except to follow existing forms, the phraseology of that covenant has been varied ; and it has generally been considered synonymous with the covenant of title, and frequently has been so worded as necessarily to be a covenant of title.   The covenant in this case never could have received its exact form from any supposed danger of adverse possession.   Hence the authorities adduced do not exactly apply ; nor are we called upon to say, what we should decide, if the covenant were only, that the grantors were seized.   The present covenant declared upon is, " that the grantors were well seized of the same land in fee simple, and had in themselves good right to bargain and sell the same in the manner in said deed mentioned."   These expressions, and those of similar import, have always been considered, in this state, as amounting to a covenant of title.   They have been inserted,

CHITTENDEN
January,
1831.

Catlin
vs.
Hurlburt.

that they should be so considered. It is argued, however, that this means nothing more than that the grantors were in possession, claiming to hold in fee simple.

This alteration might as well be incorporated, by construction, into all the covenants, that decidedly relate to title in the whole deed. That they were well seized in fee simple, means, that they were actually in possession, claiming to hold in fee simple. That they had good right to sell and convey, means, that they claim to have such right. That the premises are free from all incumbrances, means that they claim, that they are thus free. This is not the most natural and obvious meaning of the usual expressions in deeds of warranty. They say nothing about claiming. They speak of realities. Fee simple denotes a permanent estate. Well seized in fee simple, denotes a seizin of a permanent estate. Such would be the most rational construction, without the aid of concurrent circumstances. But when we recollect that this deed was made and executed at a time and place, when and where such expressions were universally understood to relate to title, it would do injustice should we give to them a different construction.

There is, however, a difficulty, against which we must guard, to prevent injustice in this particular case. The deed from the defendant and Boardman to the plaintiff, and the deed from plaintiff to Lynde Catlin, contain alike the usual covenants of warranty, which run with the land. Now, if the plaintiff should recover the whole damages on this covenant of seizin, and he had sold to Lynde Catlin with warranty, and Lynde Catlin should be evicted, and sue defendant in his own name upon a covenant that runs with the land, the defendant might be exposed to be twice charged for the same damages. This also may be viewed in connection with the idea suggested by the defendant's counsel, that, it not appearing but that the plaintiff, or his assignee, enjoy the peaceable possession of the premises, they may never be disturbed, but the inchoate title, derived from the defendant, may grow into a perfect title. We think these possibilities must not form a defence to this action. The defendant, having conveyed that, to which he had no title, should make his grantee good in some way. Nothing appears that any other remedy is yet matured except the one sought in this action. Probably this action is brought in the name of the plaintiff for the benefit of his grantee, Lynde Catlin. We know not how that may be. Should it be so, and should he receive the money comprised in this verdict, that would operate as a defence in whole or in part to any action Lynde Catlin

CHITTENDEN,
January,
1831.

Catlin
vs.
Hurlburt.

might hereafter bring upon any covenants which run with the land. And we must take care, as we can, now the case is before us, to attach such appendages to our judgement, as will prevent injustice in any event whatever. But, as we understand the law, it is deficient in guarding the rights of the grantor in a case that may arise. The grantor may have honestly purchased the premises, and taken possession; after his sale, his grantee may have taken possession. The first grant proves defective; but he, in whom the legal title is, does not interfere. These possessions, continued, will soon form a good title. If there is a recovery on the covenant of seizin, these possessions should go for the benefit of him, of whom the recovery is had. This presents a fit subject for legislation. A statute might provide, that the covenant of seizin should run with the land, and the action upon it be brought in the name of the last grantee, and the recovery and collection revest all right and possession in the grantor, from whom this recovery and collection is had. This would do justice in all cases, that should come within it.

The defendant has urged one more point as important to reduce the damages. It appears there was evidence tending to show, that the plaintiff, and also Lynde Catlin, had cut and taken off timber from this lot; and the county court erred in not instructing the jury to deduct from the damages the value of this timber. This would be correct, if the subject could only be stirred between the plaintiff and defendant; but this is not the case. The actual owner of the land has a right to treat all as trespassers, who have cut timber on the premises. The plaintiff is liable to such owner for what he has cut, and Lynde Catlin is holden for what he has cut, and the defendant has no more right to this timber, than he has to the land itself. The exceptions urged are all overruled, and the judgement of the county court is affirmed. But, to secure the defendant against all possible injury from the other covenants, that run with the land, to Lynde Catlin, the Court order a stay of execution until the plaintiff procures from Lynde Catlin, and lodges with the clerk, for the benefit of the defendant, either a quit-claim deed of the premises, or a suitable discharge of all the covenants of warranty, contained in the defendant's deed to the plaintiff.