RUTLAND,
*January*,
1839.

ROSWELL GIBSON *v.* EDWARD MUSSEY.

The collector of a particular land tax, who executes a deed according to the requisitions of the statute, with a covenant of warranty, is not liable to an action upon such covenant, upon failure of title, through defect of the previous proceedings.

COVENANT broken, against the defendant upon the covenant of warranty in a deed executed to the plaintiff by the defendant, as collector of a particular land tax upon the town of Mendon. The declaration, after reciting the assessment of the tax and the vendue sale to the plaintiff of the land in question, alleged that the plaintiff took possession under the defendant's deed, and deeded the land to a third person, who was afterwards sued in ejectment and evicted from the premises by a third person having at the time of said collector's deed a lawful title thereto, and that the plaintiff's grantee had sued and compelled the plaintiff to pay damages.

The defendant pleaded *non infregit conventionem*, and a tender of the amount of the consideration received of the plaintiff for said vendue deed, interest, and costs, up to the time of said tender.

The plaintiff demurred to the defendants pleas, and the court adjudged the declaration insufficient. Exceptions by the plaintiff.

*R. R. Thrall*, for plaintiff.

1. The rule of damages, in this case, is the value of the land at the time of the eviction, and the costs in the ejectment suit. *Williams* v. *Wetherbee*, 2 Aik. R. 329. *Catlin* v. *Hurlburt*, 3 Vt. R. 401. *Richardson* v. *Dow*, 5 do. 1. *Gove* v. *Brazer*, 3 Mass. R. 523.

2. If the plaintiff is not entitled to the value of the land, he is, at all events, entitled to the costs in the action of ejectment, in addition to the consideration money paid. *Staats* v. *Ten Eyck*, 3 Caines' Cases, 111. *Pitcher* v. *Livingston*, 4 Johns. R. 1. *Bennett* v. *Jenkins*, 13 do. 50.

*S. Foot*, for defendant.

The rule of damages on a failure of title, upon a covenant of warranty, as well as of seizin, is the consideration paid and the interest. 4 Kent's Com. 474–5. 3 Caines' R. 111. 4 Johns. R. 1. 13 do. 50.

RUTLAND,
January,
1839.

Gibson
v.
Mussey.

The defendant deeded to the plaintiff in his capacity as collector, and, as such, is not liable on his covenants. *Macbeath* v. *Haldimand*, 1 T. R. 172. *Hodgson* v. *Dexter*, 1 Pet. Con. R. 329. *Unwin* v. *Woolsley*, 1 T. R. 674.

The opinion of the court was delivered by

REDFIELD, J.—The only question to be decided in this case is, whether the collector of a particular land tax is liable in an action of covenant broken, upon a deed executed by him in his official capacity, according to the requisitions of the statute, *i. e.* containing a general covenant of warranty.

The court are of opinion that the collector is not liable upon such covenant. He is expressly required to execute such a deed, and for the purpose of "passing the title in law." It would be much more rational to hold that the deed itself passed the title to the land, without regard to the regularity of the previous proceedings, than to hold the collector liable on a covenant, which he has no option whether to omit or not. If the contract was voluntary, and personal as in the case of executors or administrators who sell land under an order of a probate court, the collector would, no doubt, be liable. But, it is believed, no case can be found, where a public officer is required to execute a contract in a specified form, and does so execute it, that he has been holden liable on any express promise or covenant therein contained.

But if the collector is liable to this action, we see no reason why he is not liable to the full extent of the loss sustained by the failure of title, whether the title fails through any defect in the proceedings of that collector, or a former one, or of the committee, even. A further consesequence of such a rule would be, that the executor or administrator of the collector, who is by statute required to execute a deed in the same form, would be liable to the same extent. This is a consequence which could never have been intended by the legislature to be visited either upon the collector or his personal representative. Such a rule would be totally at variance with the decision of the U. S. supreme court in the case of *Hodgson* v. *Dexter*, 1 Cranch's R. 345, and Pet. Cond. R. 329; and also with the cases cited from 1 Term R. 172, of *Macbeath* v. *Haldimand*, and *Unwin* v. *Woolsley*, Ib. 674.

Whether the party would have any redress in a different form of action, it is not necessary now to consider. The judgment of county court was ordered to be affirmed, but on motion of the plaintiff it was reversed, *pro forma,* and the plaintiff suffered to become nonsuit.