ROBERT M. BLAKE v. AMMI BURNHAM.

*Damages.    Covenant of seizin.*

The rule of damages for the breach of a covenant of seizin is the consideration
money and simple interest thereon, at the rate of six per cent. per annum. If the
covenantee gave securities for the purchase money which were payable with, and
upon which he subsequently paid annual or any higher rate of interest, he will
not, on that account, be entitled to recover any more than simple interest at the
legal rate.

Taxes upon the land which have been paid by the covenantee or his grantee cannot
be recovered in an action for the breach of the covenant of seizin.

A party recovering a judgment for a breach of the covenant of seizin in a deed in
which there are other covenants which run with the land should be required to
give a release of those covenants before he is allowed to take out execution.

COVENANT. The declaration counted only upon a covenant of
seizin in a deed from the defendant to the plaintiff. Upon the
trial in the county court, January Term, 1857,— UNDERWOOD, J.,
presiding,— the covenant and its breach were shown, and it
appeared that, at the time of the purchase of the land by the
plaintiff, he gave his notes for the consideration agreed to be paid,
which were payable at different times, *with annual interest*, and
had been so paid with the exception of two, which were brought
into court and surrendered. It also appeared that the plaintiff,
after his purchase, sold one-half of the land to one English, and
that English had sold it to one Montgomery, who subsequently
paid certain taxes which had been assessed upon the land.

Upon these facts the court rendered judgment for the plaintiff
for the amount of the purchase money paid by him, including the
annual interest thereon as specified in the notes, together with the
amount of the taxes paid by Montgomery, with simple interest
thereon, to which judgment the defendant excepted.

*P. Perrin,* for the defendant.

*J. B. Hutchinson* and *J. P. Kidder,* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J.   The judgment of the county court in this case must

be reversed, and the case remanded. The rule of damages for the breach of the covenant of seizin is the consideration money paid and interest. Interest is given as damages for the delay of payment, and its rate is fixed and determined by statute. It is immaterial what rate of interest the plaintiff agreed to pay on the securities he gave for the purchase money. That is a matter of contract aside from the deed, and whether it be four, six or ten per cent., it will not affect the interest recoverable by way of damages for non-payment of a debt. The taxes paid by Montgomery are not recoverable in this action. The covenant was broken immediately upon the execution of the deed, and upon the failure of title the plaintiff should have abandoned the premises and sought his remedy upon this covenant for the money paid for the land and the interest upon it.

If there are other covenants in the deed running with the land, they should be released before the plaintiff takes his execution upon this judgment. In the case of *Catlin* v. *Hurlburt*, 3 Vt. 403, it was held that, "If, after the covenantee has conveyed away such land, he recover against the covenantor on such covenant, the court will order stay of execution until the plaintiff shall have lodged a quit-claim deed, or a discharge of the covenants which run with the land, from the grantee." It is proper that such an order for the stay of execution in this case should be made.

Judgment reversed, and case remanded.