WILLIAM SAULTERS *v.* THE TOWN OF VICTORY.

*Towns.   Constable.   Taxes.   Damages.*

The measure of damages in an action against a town by the purchaser of
land sold by the constable for taxes, to recover for the constable's neglect
in his proceedings, in consequence of which no valid title was conveyed by
his deed, is the amount of money paid by the purchaser for the deed, with
interest.

CASE to recover damages for the default of S. C. Kendall,
constable and collector of taxes of the town of Victory, in his
proceedings in selling lot No. 2 in the 1st range in said town of
Victory, to the plaintiff. Plea, the general issue, and trial by the
court, at the August Term, 1861. The following facts appeared
at the trial.

On the 3d of October 1835, Peter Burbank deeded to Timothy
C. Skeele the lot in question. Skeele deeded to John Beckwith
January 10, 1857 ; Beckwith deeded to Edgar Richardson Febr-
ary 27, 1855, and Richardson deeded to the plaintiff, February
28, 1855.

There was no evidence of any title to said lot in Peter Bur-
bank, and the lot was wholly unoccupied and uncultivated.
After this lot was thus deeded to the plaintiff, it was set to him
in the list of Victory, but it did not appear whether he had ever
paid any taxes upon it. In 1858 taxes were assessed upon this
lot to the amount of $1.55, and the same not being paid, S. C.
Kendall, the constable of Victory for that year, advertised and
sold this lot, with other non-resident lands in town, for the taxes
and costs.

The plaintiff became the purchaser at such constable's sale,
and the whole lot was sold to him for the tax and costs, amount-
ing in all to $1.86, which the plaintiff paid.

The lot was not redeemed by any person, and on the 7th day
of January, 1860, Kendall, as collector, deeded the lot to the
plaintiff.

The collector's proceedings in advertising and selling said lands
were admitted in evidence, but the same were defective and irre-
gular, and the court held the same illegal and void so that no
valid title was conveyed to the plaintiff by the collector's deed,

It was also proved that on the 20th of July, 1830, John W. Chandler, as administrator of James Whitelaw, conveyed said lot to Oliver P. Chandler, who deeded it to Charles Burpee on the 10th of January, 1859. There was no evidence of any title to said lot in Whitelaw, or either of the Chandlers.   In the winter of 1850, after the plaintiff received his deed from the collector, the plaintiff went upon the lot and there found Charles Burpee and others cutting timber thereon, and, being forbidden by the plaintiff to cut the timber, Burpee claimed to be the owner of the lot under his deed from Chandler, and declared that he should continue to get off the timber from the lot.   There was no other evidence of title or possession of the lot in any person than is above stated.

The plaintiff gave evidence tending to prove that the lot was worth from three to four hundred dollars, and claimed to recover the value of the lot.   But the court held that the plaintiff was not entitled to recover the value of the lot, but only so much as he paid the collector and the interest thereon, and rendered judgment for the plaintiff accordingly, to which the plaintiff excepted.

*G. C. Cahoon*, for the plaintiff.

*Bliss N. Davis*, for the defendant.

KELLOGG, J. This is an action on the case, under the statute, (Comp. Stat., p. 116, § 29,) against the town of Victory, to recover damages for the neglect and default of its constable and collector of taxes in his proceedings in selling a lot of land in that town to the plaintiff, for taxes assessed thereon, in consequence of which no valid title was conveyed to the plaintiff under the sale.   The plaintiff gave evidence tending to show that the lot was worth three or four hundred dollars, and claimed to recover the value of the lot of the town, as damages, but the county court held that he was entitled to recover only the amount paid by him to the collector on the sale, which was one dollar and eighty-six cents, with the interest thereon.

It is made the duty of the town, by the statute, to make good to the plaintiff all damages which have accrued to him by reason

Saulters *v.* Town of Victory,

of the collector's neglect. The plaintiff claims the same measure of damages in this case to which he would have been entitled in an action against one who had conveyed to him the lot with a covenant of warranty upon a total failure of title, and a subsequent eviction. It is to be remembered that this is not an action on the covenants of the deed which the collector executed to the plaintiff, nor is it an action against the collector for his neglect or default. In an action of covenant upon any of the covenants of title in a deed of conveyance except the covenant of warranty, the ordinary measure of damages is the consideration money, or the proper proportion of it, with interest. 4, Kent's Comm., 474-5 ; 2, Greenl. Ev., § 264 ; Rawle on Covenants for title, (3d Ed.,) p. 58 to 63 ; *Catlin* v. *Hurlburt,* 3 Vt. 403 ; *Richardson* v. *Dorr,* 5 Vt 9 ; *Blake* v. *Burnham,* 29 Vt. 437. In many of the United States, the same rule of damages for a breach of the covenant of warranty prevails as in actions for a breach of the other covenants for title. Rawle, p. 312, 319-20; 4 Kent's Comm., 475. But, in this State, the rule of damages in an action on this covenant has always been the value of the land at the time of the eviction. *Adm'rs of Strong* v. *Shumway,* 1 D. Chip. 110 ; *Williams* v. *Wetherbee,* 2 Aik. 329 ; *Park* v. *Bates,* 12 Vt. 381 ; *Keeler* v. *Wood,* 30 Vt. 242. In the case of an action against the vendor of real estate, where he is unable to convey according to his contract, in consequence of his title proving defective, if his conduct is not tainted with fraud or bad faith, the plaintiff can only recover whatever money has been paid by him, with interest and expenses. Sedgwick on Damages, 209. The collector's deed to the plaintiff being in the form prescribed by the statute, no action can be maintained against the collector on its covenants. *Gibson* v. *Mussey,* 11 Vt. 212. The errors or omissions of the collector which are complained of by the plaintiff, are not in the deed, but in the previous proceedings. If those proceedings had been in all respects regular, the land might have been redeemed by the owner within one year after the sale, (Comp. Stat., p. 465, §§ 18, 19,—p. 512, §§ 5, 6,) and, in that case, all that the plaintiff could claim to have refunded to him would have been, not the value of the land, but the amount of the money paid by him with the interest. Ought he to stand

Saulters *v.* Town of Victory.

in any better position against the town because these proceedings were irregular ? He never went into possession of the land, and he has lost nothing except the money paid by him.   At the time of the collector's sale and conveyance to the plaintiff, there was no existing possession or seizin of the lot by any person claiming under an elder or better adverse title, and the plaintiff's failure to obtain possession of the lot is to be attributed to his own negligence rather than to the failure of his title under the collector's deed.   If he had taken possession of the lot when he received that deed, he would have had a right superior to that of Burpee, who subsequently took possession of it under a claim of title derived from another source, but in no respect better than that of the plaintiff, either in its origin or its character.   Under these circumstances, the failure of the plaintifff to obtain the possession of the lot ought not to be considered as equivalent to an actual ouster or eviction, such as would be necessary to sustain an action on a covenant of warranty ; and we think that the rule of damages adopted by the county court in this case was as favorable to the plaintiff as he was entitled to claim.

The judgment of the county court in favor of the plaintiff is affirmed ; but, the plaintiff being the excepting party, and not prevailing on his exceptions, the defendant is allowed his costs in this court.