ABRAHAM CAMPBELL AND MARY CAMPBELL'S ADMR. *v.* FRANK
MARTIN AND ROSA MARTIN.

October Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed October 11, 1915.

*Action of Covenant—Default Judgment—Construction and
Conclusiveness—Rent—Issues Concluded—Parties—Objec-
tion—Waiver—Action Against Assignor—Set-off—Rights
of Assignee—Equitable Set-off—Damages for Breach of
Covenant of Scisin—Effect of Recovery on Title—Execu-
tion.*

A judgment is conclusive as to everything that might have been
pleaded, or might have been given in evidence in defence, or to
lessen the damages, except what might have been pleaded in offset.

A default judgment for plaintiffs, in an action for breach of the cove-
nant of seisin in a warranty deed of real estate, established nothing
beyond the material allegations of the declaration, and did not de-
termine the right of defendants therein to receive rent in accord-
ance with the terms of the sale.

In a suit for a different cause of action, a former judgment is conclu-
sive only of such matters as were actually determined.

In a suit in equity by the grantor against the grantees to set aside
a warranty deed of real estate, where the grantees had previously
recovered a default judgment at law against the grantor for breach
of the covenant of seisin in the deed and had assigned that judg-
ment, the failure of the answer to object to the non-joinder of the
assignees as parties defendant precluded that objection at the
hearing, if a decree could be made securing the rights of all the
parties in interest.

An assignment of a non-negotiable chose in action, such as a judgment
in a suit at law, will not preclude the judgment debtor from sub-
sequently offsetting equities against the judgment creditor, which
were mature and actionable before the assignment.

In a suit in equity by a surviving husband, in his own right and as
administrator of his wife's estate, to establish his equitable owner-
ship and the rights of his wife's estate in real estate that was the

property of his wife's estate, but which he had by warranty deed coveyed to defendants after her death, and to have that deed set aside or a reconveyance made, the assignees of a previous default judgment against plaintiff in a suit at law by defendants for breach of the covenant of seisin in the deed are not necessary parties, especially where those assignees are defending the suit in equity as solicitors for the defendants therein, the assignors, for they are thereby defending their own rights.

The surviving husband of an intestate leaving issue becomes immediately upon her death the owner in fee of one-third in value of the real estate of which she died seised in fee simple, subject to the payment of her debts and the administration expenses in default of sufficient personalty, and subject to the administrator's right of possession for the purpose of that liquidation, and is entitled to have such interest severed and set out to him, and with those limitations, he may make a valid conveyance of his share at any time after his wife's death.

A default judgment in an action for breach of the covenant of seisin in a warranty deed of real estate conclusively determined that there was a breach of the covenant for which the grantees were entitled to some damages, and the subsequent entry of judgment for full damages implies the establishment of the entire failure of title, and is conclusive as to the consideration received by the grantor and of its character as purchase money, for that was the measure of damages.

Plaintiff, owning only one-third interest in certain real estate, who sold and conveyed the whole by warranty deed, and thereafter suffered judgment for damages in the grantees' action for breach of the covenant of seisin, was not thereby precluded from subsequently asserting his right to a share of the rents due from the grantees under the contract of sale.

In a suit in equity for an accounting as to rent a part of which was due plaintiff in his own right, the finding that defendants had no attachable property, except a judgment that they had recovered against plaintiff for breach of a covenant of seisin, affords a basis for the set-off of counter claims, and so is a ground for the exercise of equitable jurisdiction.

Where plaintiff, owning only one-third interest in certain real estate, conveyed the whole by warranty deed, and thereafter, in the grantees' action for breach of the covenant of seisin, suffered judgment for damages as for an entire failure of title, on payment of that

judgment, directly or by set-off, the rights of the grantees in the property will cease, and the title will stand as it did before the deed was executed. .

Where the grantee in a deed containing covenants that run with the land recovers for a breach of the covenant of seisin after he had conveyed the premises, it is the practice to stay execution until plaintiff procures and files a release from his grantee.

APPEAL IN CHANCERY.   Heard on the pleadings and master's report at the March Term, 1913, Franklin County, *Miles,* Chancellor.   Decree, *pro forma,* for the orator.   The defendants appealed.   The opinion states the case.

*C. G. Austin & Sons* for the orator.

*Furman & Webster* for the defendants.

MUNSON, J.   Mary Campbell, the orator's intestate, owned at the time of her death a house and lot in the village of Swanton. Her husband, Abraham Campbell, the orator herein, had no interest in this property other than that which the law gives to a surviving husband.   The defendant Rosa Martin is one of eight surviving children of Abraham and Mary Campbell, and was married to the defendant Frank Martin after the death of her mother.   Soon after their marriage the defendants went to live with the orator at his home on other premises.   A few months later the orator borrowed $50 from defendant Frank, and this transaction was soon followed by a sale of the intestate's house and lot to Frank on certain terms agreed upon.   The agreement was soon reduced to writing, and in the writing the consideration was placed at $400.   But there was an accompanying oral understanding that the purchase price was to be $300 only; and before the premises were conveyed, and in accordance with this understanding, the orator indorsed $100 on the writing.   The $300 was to be paid in annual installments of not less than $50, without interest, and the loan above mentioned was to be treated as the first payment thereon, and such payment was to be treated as rent if no further payments were made; and defendant Frank was to pay the taxes and insurance.   On the tenth day of February, 1906, when only $65 had been paid on the purchase price, Abraham Campbell executed to defendants Frank

and Rosa as joint tenants, for an expressed consideration of $400, a warranty deed of the premises, with full covenants. The grantees took possession under this deed April 15, 1906, and have since remained in possession, but have never paid anything further, either as rent or on the purchase price.

In 1908 the defendants sued the orator on the covenants in his deed, and obtained a judgment upon default at the September term; and the case was referred to the clerk for the assessment of damages, and a full hearing was had. The written agreement had then been lost. The material points contested were whether the entire purchase price had been paid or only $65, and whether there was a provision in the contract that in default of full payment the payments made should be treated as rent. There having been a judgment on default, the clerk considered that the measure of damages was fixed by law at the amount actually paid for the premises, and that his only duty was to find the amount paid and assess the damages at that sum; and this he did, and determined no other issue. An execution issued on the judgment and was returned unsatisfied, and the plaintiffs then brought an action of debt on the judgment returnable before a justice of the peace, and obtained a judgment in that action; and an appeal therefrom was taken to the county court, where the suit is now pending. The orator was not appointed administrator until after the covenant suit was disposed of.

The orator's case, as presented in the bill, is based upon the claim that the orator individually and his wife were the owners of the premises in question, but that the orator paid the entire purchase price of the property and was in equity the sole owner thereof, and that the title was conveyed to the orator's wife by his direction. The prayer of the bill is that the defendants be decreed to reconvey the premises to the orator, or that the deed of the orator to them be set aside, and that the defendants be restrained from further prosecution of their suit at law; that an accounting be had to ascertain what is equitably due the orator on account of the purchase price of said premises, or of the rentals due to the orator either individually or as administrator; that the defendants be restrained from taking out an execution on the judgment heretofore rendered in the county court until the final determination of the orator's claim in this proceeding, in order that there may be a set-off of one claim or

judgment against the other, and a decree for any balance there may be in favor of either party.

The answer asserts that the orator's claim for rent or purchase money was a proper matter of set-off in the suit for breach of covenant; that the orator claimed in the hearing had therein the benefit of a set-off to the extent of reducing the assessment to nominal damages; and that the judgment in that suit is final and conclusive on the orator as to the merits of his claim. It appears from the master's report that the orator's counsel urged in argument before the clerk that if it should be found that the plaintiffs had paid no more than the $65, only nominal damages should be assessed.

Before execution issued in the suit at law the attorneys of the plaintiffs therein filed an attorneys' lien and an assignment of the judgment to them, and gave notice thereof to defendants' attorney. At the hearing before the master, previous to the introduction of any evidence, defendants' solicitors, the attorneys above mentioned, objected to any hearing or the taking of any testimony until the orator should, by proper application to the chancellor, bring them in as parties defendant to the bill, claiming that the judgment at law had been assigned to them for a valuable consideration, and that a notice of the assignment had been given to the orator, before the bringing of the bill, demanding that the assignees be made parties and that a stay of proceedings be asked for by the orator and granted by the court for that purpose. The orator not acceding to this demand, the master adjourned the hearing to permit an application to the chancellor in that behalf. The defendants thereupon filed with the clerk a motion to dissolve the injunction, supported by affidavit, and brought the matter to hearing before the chancellor, who dismissed the motion and directed that the hearing before the master proceed.

The claim of the defendants regarding the effect of the judgment at law is not tenable. It was not necessary for the defendant in that suit to appear and plead in order to save his claim in offset. His default established nothing beyond the material allegations of the declaration. The matter of a breach of covenant could be determined without touching the question of the defendants' right to receive rent. It was said by Chief Justice Chipman in *Barney* v. *Goff*, 1 D. Chip. 304, that a judgment is conclusive as to everything which might have been

pleaded or given in evidence in defence, or to lessen the damages, except that which may be pleaded in offset. The reason of the exception is stated in *Davenport* v. *Hubbard,* 46 Vt. 200, 206, 14 Am. Rep. 620, where it is said that a plea in offset sets up an independent cause of action, which may be used as a defence or not, at the pleasure of the defendant. See also *Carver* v. *Adams,* 38 Vt. 500.

But the defendants contend that the defendant in that suit put this matter in issue by introducing evidence tending to establish his right to receive rent, and claiming that the recovery should be confined to nominal damages because of that right. But the master has distinctly reported, with a specific statement of his reasons, that he did not determine this issue. In a suit for a different cause of action, the former judgment is conclusive only of such matters as were actually determined. *Tudor* v. *Kenneth,* 87 Vt. 99, 88 Atl. 520.

The defendants claim that there can be no decree because of the failure of the court to have the assignees of the judgment brought in as parties. The non-joinder of the assignees as parties defendant is not referred to in the answer, and the failure to make the objection there will preclude its being made on the hearing, if a decree can be made which will secure the rights of all the parties in interest. *Smith* v. *Bartholomew,* 42 Vt. 356. The defendants are right in saying that the interests of assignees will be protected both at law and in equity; but they are protected at law in cases where the suit is necessarily in the name of the assignor, and the powers of a court of equity in this behalf cannot be less. The orator's claim relates solely to equities which existed before the assignment was made. An assignment of a non-negotiable chose in action will not prevent a defendant from offsetting demands against the plaintiff of record which were mature and actionable previous to the assignment. *Walker* v. *Sargeant,* 14 Vt. 247. The suggestion that if the assignee is not made a party his interest may suffer from a failure to properly present the claim upon which it depends, is not applicable here. The assignees in this instance are the solicitors of the defendants and their attorneys in the suits at law which the orator seeks to enjoin. They are defending the suit for the assignor, and in doing this are maintaining their own rights.

The orator's failure to establish his ownership of the property gives rise to some questions regarding his right to maintain

the bill.   It is argued that such equities as there may have been affecting the suit for breach of covenant were in favor of the estate and not in favor of the orator individually, and that the estate was under no liability for the damages resulting from the breach; that the only interest the orator individually has in this equity suit is to have the judgment at law enjoined, and that his only interest in it as administrator is to recover the rent as an asset of the estate, and that for this his remedy at law is adequate.   These claims call for an inquiry as to the legal status of the orator's deed.

The husband of a woman who dies intestate leaving issue, becomes the owner in fee of one-third in value of her real estate held in fee simple, subject to the payment of her debts and administration expenses in default of sufficient personalty, and is entitled to have such interest severed and set out to him; but the administrator is entitled to the possession of it as long as is necessary for the purposes of this liquidation.   Subject to these limitations, the husband can make valid conveyance of his share at any time.   See *Austin* v. *Bailey,* 37 Vt. 219, 86 Am. Dec. 703. Nothing appears here regarding debts, but as the case stands this is not likely to be important.   The orator individually cannot assert the existence of debts to avoid his deed.   The defendants are not seeking to avoid the deed, but stand upon its covenants.   As against creditors of the estate, the orator's deed is void for want of authority to convey.   As against the heirs it is valid as to one-third.

It appears then that the orator, while failing to establish his right as set up in the bill, presents allegations and findings which show him to have been the owner of an undivided third of the premises claimed; and that the title to this third, subject to the contingencies regarding debts and expenses, passed to the defendants upon the delivery of the orator's deed.   The defendant Rosa also owned one undivided eighth of the remaining two-thirds as tenant in common with the other heirs.   But the defendants took possession of the premises under the orator's deed, and not in the right of the defendant Rosa; and they have since taken a judgment against the orator for a breach of covenant as to the entire estate.

The judgment obtained on default in the suit at law conclusively determined that there was a breach of the orator's covenant for which the plaintiffs were entitled to some damages.

When the damages were ascertained and entered, the judgment became conclusive on both parties as to the amount of the damage. The consideration received by the orator and its character as purchase money were conclusively determined, for it became the measure of the damages. And the allowance of full damages for a breach of the covenant of seisin implies the ascertainment of an entire failure of the title. The adjudication has now passed into a judgment in an action of debt brought on the judgment in the covenant suit, and from this judgment an appeal has been taken and entered. This leaves the validity of the first judgment unimpaired, and the bill in no way attacks its validity. So the only part of the controversy which remains undetermined is that regarding the rent.

The master finds that the fair rental value of the premises was four dollars a month, and charges the defendants with rent at that rate from the time they took possession, if the court considers that the orator is entitled to rent. The master has found in terms that the contract provided that the payment of $50 made on the purchase price should be treated as rent if no further payments were made. This clearly implies an understanding that if the agreement as to the purchase price should not be carried out the defendants should be liable for rent. We think the orator's right to rely on this understanding was not affected by the giving of the deed before the defendants were entitled to it under the terms of the contract. In fact, no claim is made but that the defendants are under a legal liability to pay rent.

The orator is not precluded from asserting his right to a share of the rents by the judgment against him on his covenants. As regards the recovery of rents, this proceeding is for a cause of action which was expressly excluded from the determination in the former adjudication. If the orator is concluded upon this point, it must be because of the adjudication in the former suit of some fact or question material and controlling in both suits. The judgment in the covenant suit was an adjudication that the orator had no title, but this did not necessarily determine that he had no right to receive rent. So, as regards this question, the orator can stand upon his actual right as now established, notwithstanding the judgment suffered by default.

The bill alleges that the judgment against the orator is the only asset of the defendant, and that the orator's claim for rent

will be a total loss unless there can be a set-off of counter claims. The master finds that the defendants have no attachable property other than such interest as they may have in these premises. The recovery of rent being partly in the right of the orator individually, there is a basis for a set-off of counter claims, and therein a ground for the exercise of equitable jurisdiction.

The rights of the estate and the title of the heirs to two undivided thirds of the premises were in no way affected by the orator's conveyance, and the judgment recovered by the defendants in the covenant suit bears upon the case only as regards the orator individually. The orator's deed transferred to the defendants the title to one undivided third of the property, subject to the contingencies attending the settlement of the estate; but the defendants have taken, and are seeking to collect, a judgment covering damages allowed on the theory of a complete failure of title. It is obvious that the defendants cannot have damages for an entire breach of the covenant of seisin, and hold one-third of the premises by virtue of the conveyance. When their judgment is satisfied, either by direct payment or by set-off, the defendants' right in the property as grantees of the orator will cease, and the title will stand as it did before the orator's deed was given, notwithstanding the record of the deed.

The effect upon the title of a judgment for breach of covenant has been found by the courts to be a subject of some difficulty, and this has resulted in some diversity as regards both theory and procedure. It is said that if a covenantee recover and receive satisfaction in damages equal to the purchase money and interest, his covenantor is thereby remitted to his right and title as he held them before granting them away, and that the covenantee will be estopped by the judgment from setting up his title deed against the grantor. 2 Wash. Real Prop. 2 ed. 731, citing *Porter* v. *Hill,* 9 Mass. 34, 6 Am. Dec. 22; *Stinson* v. *Sumner,* 9 Mass. 143, 6 Am. Dec. 49. Another writer suggests that the recovery of damages upon the covenant for seisin will of itself operate at law to revest the title in the covenantor, and says that the decisions in the cases cited as above must have proceeded upon this ground. Rawle, Cov. for Title, 4th ed. 280. In cases where the grantee in a deed containing covenants which run with the land, recovers for a breach of the covenant of seisin after he has made conveyance of the premises, it is the practice in this State to stay execution until the plaintiff procures and

files a release from his grantee.   *Catlin* v. *Hulburt,* 3 Vt. 403; *Blake* v. *Burnham,* 29 Vt. 437; *Tillotson* v. *Prichard,* 60 Vt. 94, 14 Atl. 302, 6 Am. St. Rep. 95.   See also *Flint* v. *Steadman,* 36 Vt. 210, 219.   And the writer last mentioned considers that a covenantee who had recovered back the consideration money would be restrained in equity from setting up, as against his covenantor, the title which, by his action on the covenant, he had asserted to be defective, and would probably be required to reconvey.   Rawle, Cov. for Title, 4th ed. 282.

As equity has jurisdiction of the case on another ground, it will be well enough to set aside the orator's deed without considering whether the protection afforded him by the judgment at law is adequate.   No special consideration need be given to the right of defendant Rosa as heir, for her interest will be protected by the allowance of rent in behalf of the estate.   Inquiry as to the existence of debts and expenses may be had on proper application; and if it is ascertained that there are unsatisfied debts or expenses chargeable upon the real estate, the same will remain a charge upon the property until the matter is disposed of in due course by the probate court.

The chancellor rendered a *pro forma* decree in favor of the orator as administrator for the amount of rents found by the master above the sum paid by the defendants, with award of execution and writ of possession if needed, and declaring the deed void and of no effect.   The case will be remanded with instructions that the decree be modified and supplemented in accordance with this opinion and thereupon affirmed.

*Decree modified and affirmed as modified, and cause remanded with directions that the orator's deed to the defendants be set aside; that the amount found due from the defendants on account of rents be decreed to the orator, one-third in his own right and two-thirds in his right as administrator; that the amount of the judgment recovered by the defendants in the action of debt be set off against an equal part of the orator's third; that the remaining two-thirds of the amount recovered from the defendants be held and accounted for in due course by the orator as administrator; and that a hearing as to debts and expenses be had if necessary.*