BARNEY vs. GOFF and CADY.

The statute allowing special matters to be given in evidence under the general is-
sue, with notice, dispenses with the form only, not the substance of a plea in
bar ; and it is necessary in such notice to state the facts relied on as particu-
larly though not with the same technical precision, as in a plea in bar.

A regular judgment, while it remains in force, is conclusive as to every matter;
which might have been given in evidence, or pleaded to the action in which it
was rendered, except that which must be pleaded in offset.—The same prin-
ciple obtains in case of a judgment by confession.

Although the Court will not grant a new trial, for any mistake in point of law,
which the Court may have made on the trial, if it appear that justice was
done in the case, yet if it appear that evidence was improperly admitted,
which the opposite party had no opportunity to contradict or explain, as the
Court cannot ascertain whether justice has been done in the case, without as-
suming the province of the Jury, a new trial will be granted.

THIS was a petition for a new trial, in an action tried at the last
term of this Court.

On a hearing of the petition, it appeared that Jonathan Barney,
the petitioner, had, as assignee of the Sheriff of Washington County,
brought an action on a gaol bond executed by Bethuel Goff as prin-
cipal, and Benjamin Cady as surety.   At the last term of the Court,
the defendants, by leave of the Court, waiving their former plea,
pleaded *non est factum*, with the following notice—" Agreeably to
the statute in such case made and provided, the defendants give no-
tice, that they will on the trial give evidence that there is nothing
due on said bond, in equity.    On trial at the last term,

*Prentiss,* counsel for the plaintiff, objected to the evidence offer-
ed by the defendants under said notice, on the ground that the no-
tice contained no matter of fact, or matter of defence, intended to
be proved—nothing by which the plaintiff could learn what he had
to meet.   The Court overruled the objection, and decided that the
defendants might, under that notice, give in evidence any matter
tending to prove that there was nothing due on said bond in equity.
The defendants then stated that they would prove that the present
demand originated in the year 1809.—That in November of that
year, Jonathan Barney, the plaintiff, then being Sheriff's deputy,
had in his hands for collection, an execution against S. B. for the
sum of $190 25 in the whole.—That Jonathan Barney, at the re-
quest of the said S. B, settled and discharged said execution, in con-

sideration of which the said S. B. and Benjamin Cady, one of the defendants, executed their note of hand to Jonathan Barney the plaintiff, for the sum of $304 40, and confessed judgment thereon before a Justice of the Peace.—That execution issued on said judgment, upon which several payments were made, amounting in the whole to the sum of $136.—That on the 10th day of June, 1811, Benjamin Cady, one of the defendants, made and executed his note of hand to Jonathan Barney for the balance, being $164 40.—That he confessed judgment on the same before a Justice of the Peace. On which judgment execution was issued on the 3d day of October, 1811, and delivered to Bethuel Goff, the other defendant, being then a Constable of the town of Berlin in said County, which he neglected to execute. And thereupon the said Jonathan Barney commenced an action against the said Bethuel Goff before the County Court for Washington County, at June term, 1812, and recovered judgment against the said Goff for the sum of $179 04 damages, and $9 24 costs, and took out execution on said judgment, on which the said Bethuel Goff was committed to prison, and for the liberties of the prison on that occasion, the said Bethuel Goff as principal, and the said Benjamin Cady as surety, executed the bond on which the action was brought. Bethuel Goff escaped from the liberties of the prison, and in the month of August following, the said Bethuel Goff paid to the said Jonathan Barney the sum of $234 90 in part payment of said debt. By which the defendants relied that they should shew that the original demand with the interest and costs was paid, and overpaid.

*Prentiss,* for the plaintiff, objected to the evidence offered, as inadmissible, for that the last payment, though perhaps it might have been pleaded as a set-off, yet the defendants could not avail themselves of it as a payment: and the former payment, if made at all, must be supposed to have been settled in the judgment which followed; and that under such general notice, he insisted that the evidence could not be received, as the plaintiff could not be prepared to meet it.

The Court overruled the objection: the defendants went into the evidence, and the Jury returned a verdict for the defendants. And to obtain a new trial in the case, the plaintiff bro't this petition.

*Prentiss,* for the petitioner, contended that a new trial ought to

39

*Margin note:*

*Washington September, 1814.*

Barney
*vs*
Goff and Cady.

*Washington September, 1814.*

*Barney vs. Goff and Cady.*

be granted on two grounds.—1. For that the notice given by the defendants was not of any special matter—that it gave the plaintiff notice of no facts intended to be proved, from which the defendants had drawn the conclusion that there is nothing due on the bond, so that he might be prepared to meet them—that it must and did operate as a surprise on the plaintiff at the trial.—And 2. That after two liquidations between the original parties, and two judgments thereon confessed, and a suit and judgment, no evidence, in point of law, ought to have been admitted, to impeach those judgments, of facts which existed, at the time those judgments were rendered, and of which the debtor might have availed himself as matter of defence or mitigation.—That a judgment while remaining in force is conclusive between the same parties, of every thing, which might have been pleaded in bar, or given in evidence, in mitigation of damages.

*Buckley* for the petitionees. Notices as general as that in the present case, have often been considered sufficient. The matter admitted in evidence was proper, as it is the province of the Jury to assess the damages, to ascertain what sum if any is due to the plaintiff. The Jury have found that in fact there was nothing, in equity, due from the defendants to the plaintiff; and it appears that justice has been done between the parties, and the Court will not grant a new trial merely for a mistake in point of law.

Chipman, Ch. J. delivered the opinion of the Court.

It is true, as remarked by the counsel for the defendant, that the Court will not easily be induced to grant a new trial, in a case where they can see clearly that justice has been done, merely because the Judges, on the trial, made a mistake in point of law : but it ought to be added, unless the mistake be of such a nature, and of such a magnitude, as that it ought to be corrected for the sake of general justice. The mistake may be of such a nature as to render it impossible for the Court to ascertain whether justice has been done or not. For instance, the admission of illegal evidence may have induced a surprise on the party against whom the verdict was found, so that he could not have had a fair opportunity to produce evidence, on his part, to contradict or explain the testimony which had been admitted against him by such mistake : where that is the

case the Court will grant a new trial, without inquiring whether such evidence existed or not, or how far it might have been suffi-cient if produced; for this would be for the Court to assume the province of the Jury, and to try the merits of the cause on a motion for a new trial.

In this case the Court are satisfied on both grounds taken by the plaintiff's counsel. This notice comports neither with the letter nor the spirit of the statute. The statute (the 98th Section of the Judiciary act) permits the defendant to plead the general issue in any action according to the nature of the case; and under such general issue to give any special matter in evidence in his defence or justification, as the nature of the action may be, "the defendant giving notice in writing with the plea, of the special matter or matters, on which he or she shall rely in his or her defence or justification. And no special matter shall be given or allowed in evidence, except such as shall be particularly mentioned in such notice in writing as aforesaid."

The notice in this case, as has been well observed, is not of any matter of defence or justification whatever, but of a general conclusion: and, it may be added, without premises. Not a fact is therein suggested, from which such conclusion is intended to be drawn. The defendants might as well have said, we will prove enough on trial to obtain a verdict, and call it a notice under the statute.

How strict or how loose the Court might have formerly been, we cannot say; but the present Judges have refused to permit the defendants to go into proof of any matter not particularly mentioned in the notice; and have held that such notice under the statute, must contain the substance of a special plea in bar, and that the facts relied on must be as particularly set forth, though the same technical precision is not required. It was so decided in the case Bowdish against Peckham (ante page 144.) The statute dispenses with the form only, not the substance of a plea in bar. The notice, as it is called, in this case, the plaintiff could not know—there was no hint given him of the facts which the defendants intended to prove on the trial.—It cannot therefore be supposed that the plaintiff could come prepared to meet the evidence produced by the defendants on the trial. The notice seems to have been framed for the purpose of surprising the plaintiff. After the trial has been had, how is it possible for the Court to discern whether justice has

*Washington*
September,
1814.

Barney
*vs.*
Goff and
Cady.

*Washington.* been done in the case?—A fair opportunity has not been given to
September the plaintiff—it is impossible therefore for the Court to know what
   1814. is the justice of the case.

Barney
   *vs.* But, under any notice, the evidence which was offered on the
Goff and part of the defendants ought not to have been admitted. Every
   Gady. regular judgment, while remaining in force, is conclusive as to every
thing which might have been pleaded or given in evidence in de-
fence, or to lessen the damages, except that which may be pleaded
in offset. And this principle applies as well to judgments rendered
on confession, as to those rendered in adversary suits; otherwise no
judgments are final—no litigation could ever be closed.

Now there was no one matter in the defendants' statement, on
trial, except the last payment, but what might and ought to have
been included and settled in some one of the judgments which had
been rendered in favour of the plaintiff. The amount of payments
the law presumes to have been settled from time to time, and each
judgment to have been rendered and confessed for the sum actually
due. No fraud, imposition or mistake is suggested which might
be a ground of relief even in a Court of Equity. If the defendants
had paid any sum which from mistake had not been applied, per-
haps it might have been pleaded by way of offset: but such proof
could not be admitted under a statute notice.—It is not matter ei-
ther of defence or justification. A plea in offset is in the nature of
an adverse suit, and must be pleaded in the manner pointed out by
the 92d Section of the Judiciary Act.

New trial granted.