MARY E. CHAMBERLIN AND MANSEL CHAMBERLIN *v.* MICHAEL. MURPHY AND WALTER H. WALBRIDGE.

*Practice. Damages. Evidence. Trespass.*

The effect of the defendants' marking their cause " not for the jury," was to consent to a judg-- ment against them, unless they should show good cause for a continuance, and upon such a judgment they have no right to an assessment of the damages by jury, except in the discretion of the court.

If the court order the damages to be assessed by jury, exceptions will lie to the rejection of any testimony pertinent to the question of damages; but testimony pertinent *only* to the question of the plaintiffs' right to a judgment, is not admissible.

In an action against one of several co-trespassers, evidence of payments by any one of them, though not received in full satisfaction or in discharge of the claim, is admissible, . for their effect is to diminish the plaintiffs' recovery *pro tanto*.

If such payments were received in discharge of the right of action, they would, after a pre- liminary judgment, be admissible on the question of damages, and would reduce the re- covery to a nominal sum.

The plaintiffs received several sums of the defendants' co-trespassers. The defendants pleaded that they were received in full satisfaction of the right of action. This the plaintiffs denied. The defendants set the cause "not for the jury," and, failing to show · grounds for a continuance, the court rendered judgment for the plaintiffs, and ordered the damages to be assessed by jury. On the jury trial the defendants offered to prove what - sums the plaintiffs had received of the defendants' co-trespassers. *Held,* that the evidence was admissible, not as a rule to guide the jury in determining the extent of the plaintiffs' original injury, but as extinguishing the plaintiffs' right of action *pro tanto,* or, if received in full, as reducing the plaintiffs' right of recovery to a nominal sum.

TRESPASS for assault and battery on the person of Mary E.. Chamberlin, wife of Mansel Chamberlin, who at the time of said assault was the wife of Charles E. Gray, and was so at the time this suit was commenced.

On the 14th day of August, 1865, the defendants filed the general issue and five special pleas in bar. On the 27th of January, 1866, the plaintiffs filed their replication thereto. At the December term, 1866, the case was set for trial, on calling the docket. On being called for trial, the defendants set it "not for the jury." At the close of the term, the defendants moved a continuance and pro-· duced affidavits to support it. Said motion was overruled by the court, and judgment for the plaintiffs directed and entered, and the case was continued for assessment of damages by jury. At the May term, 1867, BARRETT, J., presiding, the defendants moved that said entry of judgment be vacated, and that the de- fendants have leave to plead a discharge executed to one Simonds,.

a co-trespasser with the defendants. The court denied the motion, and the case was tried by jury on assessment of damages. On this trial the defendants offered in evidence the discharges, set forth in said special pleas and the discharge to said Simonds, to which the plaintiffs objected, and they were excluded by the court and the defendants excepted.

The jury assessed damages in the sum of $727.

The discharge to said Simonds is as follows:

"West Hartford, October 29, 1866.

Received of Royal Burnham, administrator of the estate of Henry N. Simonds, sixty-five dollars, in settlement, so far as said Simonds's estate is concerned only, of a suit in favor of Mary E. Gray and her husband against said Simonds, and not in settlement of the cause of action for which said suit was brought; and she reserves the right to prosecute any other parties to said trespass, and this settlement is not to affect the same. The suit now pending against said Simonds, is to be entered discontinued without costs to either party.

W. C. FRENCH,

Attorney for Mary E. Gray, Plaintiff."

First plea, the general issue.

The second plea is as follows:

"And for a further plea in this behalf the said defendant, by John Murphy, his guardian, by leave of the court here for this purpose first had and obtained, according to the form of the statute in such case made and provided, says that the said plaintiffs ought not to have or maintain their aforesaid action hereof against him, the said defendant, because he says that the said supposed trespasses were committed by the said defendant (if at all committed by him) jointly with one James Merchant, and by his command, and that, after the committing of the said several supposed trespasses in the said declaration mentioned, and after the commencement of this suit, and before the day of pleading this plea, to wit, on the 14th day of December, A. D. 1863, at Sharon in the county aforesaid, [*] it was agreed by and between the said plaintiffs and the said James Merchant, that the said James Merchant should pay to the said plaintiffs, and the said plaintiffs should receive of the said James Merchant, a certain sum, to wit, the sum of fifty dollars, in satisfaction and discharge of the said supposed trespasses, and of all damages by the said plaintiffs sustained by reason of the committing thereof, and of all costs by the said plaintiffs sustained and incurred in prosecuting the said ac-

tion against the said defendant. And the said defendant further says that, in pursuance of such agreement, the said James Merchant then and there paid to the said plaintiffs the sum of fifty dollars, and the said plaintiffs then and there accepted the same in full satisfaction and discharge of the said supposed trespasses, and of all such damages and costs as aforesaid. And this the said defendant is ready to verify. Wherefore he prays judgment if the said plaintiffs ought further to have or maintain this suit against him."

The third plea, after the same as precedes [*] in the second plea, avers:

" That the said plaintiffs, Charles E. Gray and Mary E. Gray, each by their certain writing obligatory, signed with their hands and sealed with their seals, the date whereof is a certain day and year therein mentioned, to wit, the day and year last aforesaid, released, acquitted and discharged the said James Merchant from all demands and claims whatever, as by said writing of release, reference thereto being had, ready in court to be produced, will more fully appear. And this the said defendant is ready to verify," etc.

The fourth plea is in substance the same as the preceding.

The fifth plea avers:

" That the said supposed trespasses were committed by the said defendant (if at all committed by him) jointly with one James Merchant and one Frank Kendall, and by their command, and that, after the committing of the said several supposed trespasses in the said declaration mentioned, and after the commencement of this suit, and before the day of pleading this plea, to wit, on the 14th day of December, A. D. 1864, at Woodstock in the county aforesaid, the plaintiffs, in and by a certain writing of release by them well executed and delivered to the said James Merchant and Frank Kendall, in consideration of the further sum of fifty dollars received of James Merchant in addition to what he had heretofore paid the said plaintiffs, released, acquitted and discharged the said Merchant and Kendall from a suit now pending in Windsor county court, in favor of Mary E. Gray and her husband against the said Merchant and Kendall and others, as by the said writing of release, reference thereto being had, ready in court to be produced, will more fully appear. And the said defendant avers that the suit of which these proceedings are a part, is based upon the same supposed trespasses as the suit in which the said release was given. And this the said defendant is ready to verify," etc.

The sixth plea sets out a sale to Warren C. French, Esq., by the

plaintiffs, of whatever right of action may have accrued to the plaintiffs by the committing of the said trespass, and a settlement by him with Merchant and Kendall, as averred in the preceding plea.

Issue joined on the first plea.

As to the second, third and fourth pleas, the plaintiffs replied:

"That this action is brought in the name of the said Mary E. Gray and her husband, to recover damages for an aggravated personal assault and battery to the said Mary E. Gray, who was, at the time of the said aggravated assault and battery, living, and has ever since lived, separate and apart from her said husband, and is brought by her sole procurement and direction and at her own expense, and she claims the right to control the suit, and to be entitled to whatever sum as damages may be recovered in the same; and the said James Merchant and others were parties concerned with the defendants in this suit in the said aggravated assault and battery, and did aid, abet and assist therein; and the said Mary E. Gray caused suit to be commenced against the said James Merchant and others for the recovery of damages which she had suffered and sustained by reason of the said aggravated assault and battery, which suit was pending in this court at the time of the pretended agreement and discharges mentioned in the second, third and fourth pleas, by the defendants above pleaded (if any discharge was ever executed by the said Charles E. Gray), and is now pending therein, against certain defendants therein named, parties concerned in the said aggravated assault and battery; and the said pretended agreement and discharges (if any discharge was ever executed by the said Charles E. Gray) were obtained by duress, fraud and false representations, and were and are void and of no effect, which was well known to the said James Merchant and the defendants in this suit; and the said James Merchant having pleaded the said agreement and discharges by leave of the said court in bar of the said suit, and the plaintiffs having replied the said duress, fraud and false representations in avoidance thereof, and issue having been joined thereon and standing for trial by the country at the December term of this court, A. D. 1864, the said James Merchant, in order to avoid the said issue and trial, which he well knew could not be sustained on his part, and in order to get himself and one Frank Kendall released from the said suit and discharged from the said cause of action at the said December term of this court, 1864, entered into an agreement and arrangement with the plaintiffs, by which it was agreed by and between them, on sufficient consideration then and there paid by the said James Mer-

chant on behalf of himself and the said Frank Kendall, that the said pretended discharges should be given up to the plaintiffs to be canceled, and should have and be of no effect, and the said pretended agreement should have no effect, and that the plaintiffs should execute to the said James Merchant a discharge releasing him and the said Frank Kendall personally from the said suit, but retaining the said suit and all actions and rights of action against the defendants and the other parties to the said aggravated assault and battery, which discharge was then and there executed and delivered to the said James Merchant, as is in the words and figures following, viz.:

'Woodstock, December 14, 1864.

In consideration of fifty dollars received of James Merchant, in addition to what he has heretofore paid to Mrs. Gray, we hereby release and discharge him and Frank Kendall from a suit now pending in Windsor county court, in favor of Mary E. Gray and her husband against the said Merchant, Frank Kendall and others, and agree that the said Merchant and Frank Kendall shall not again be called upon to pay anything toward the matter claimed in the said suit reserving the right to prosecute the said suit and any other suit against other parties liable for the same trespass, who are not to be discharged by this writing.

CONVERSE & FRENCH,
Attorneys for Plaintiffs.'

Which said discharge was executed by the said attorneys for the plaintiffs, by the authority and for the benefit of the said Mary E. Gray ; and thereupon the said Merchant and Kendall were at the said term of this court discharged and released from the said suit; and the said James Merchant then and there directed his attorneys, who are the attorneys for the defendants in this suit, to deliver up the said pretended dicharges mentioned in the said pleas to the plaintiffs' attorneys to be canceled, according to the terms of the said agreement; but the said Merchant's attorneys, who are the attorneys for the defendants in this suit, fraudulently conspiring with the defendants in this suit to injure and harass the plaintiffs, although often requested long before the filing of the said pleas to deliver up the said pretended discharges, have wholly refused, and still do refuse so to do, in violation of the said Merchant's agreement aforesaid to them well known, and in disregard of his said directions to them, and in utter violation of their duty in the premises. And this the plaintiffs are ready to verify," etc.

As to the fifth plea, the plaintiffs replied :

" That the release and discharge mentioned in the said plea, is simply a discharge to the said James Merchant and Frank Kendall personally, in and by which it was expressly provided that the said discharge should have no effect upon the other joint trespassers, and that they were not to be discharged thereby ; and the plaintiffs therein expressly reserved the right to prosecute any suit or suits against the other joint trespassers ; and it is the same discharge that is set forth by its tenor in the foregoing replication to the second, third and fourth pleas, to which reference is made. And this the plaintiffs are ready to verify," etc.

The plaintiffs traversed the sixth plea.

*D. C. & H. H. Denison*, for the defendants.

The second, third, fourth and fifth pleas set up sufficient defenses, the third and fourth describing sealed releases, and the fifth a full payment. It is true this may not now be before the court, the trial being upon assessment of damages ; but, if the defendants could show that the whole damages had been paid, most clearly the plaintiffs should have only nominal damages.

If the plaintiffs had settled the matter as the facts offered would show, the estimate they had seen fit to put upon the damages, ought to have been admitted, as tending to show what the damages were. *Eastman* v. *Grant et al.*, 34 Vt., 387.

*Converse & French*, for the plaintiffs.

The first question made by the exceptions, is as to the refusal of the court to vacate the judgment of the December term, 1866, on the defendants' motion, and allow the defendants to plead the discharge to Simonds's estate, which was executed October 29, 1866. This motion was properly denied ; 1st, for the reason that this discharge was executed long before the judgment was entered, and should then have been brought to the attention of the court ; 2d, for the reason that it could have no effect on the suit, being a settlement as to Simonds's estate only, and by its terms " not in settlement of the cause of action for which said suit was brought." This paper does not release other joint trespassers, and has the same effect as a covenant not to sue. 1 Parsons on Con., 24, 26, 27 ; *Spencer* v. *Williams et al.*, 2 Vt., 209.

This refusal of the court to vacate the judgment, was within the discretion of the court, and can not be revised in this court. *Edgell* v. *Bennett et al.*, 7 Vt., 535 ; *Cummings et al.* v. *Fullam*, 13 Vt., 459.

On the assessment of damages the court properly refused to allow the defendants to introduce the pretended discharges set up in their special pleas. The judgment of the court was final, and conclusive upon all the issues of defense then made. The plaintiffs could not be presumed to come prepared to prove an issue which had been found in their favor by the judgment. The pretended discharges went to the cause of action, and the replication avoided them; they were not in mitigation of damages. We think the judgment conclusive against the validity of the pretended discharges. *Barney* v. *Goff et al.*, 1 D. Chip., 304 ; *White, administrator*, v. *Simonds et al.*, 33 Vt., 178 ; *Pierson* v. *Catlin*, 18 Vt., 77 ; *Woodruff* v. *Taylor*, 20 Vt., 65.

The receipt to Simonds's administrator could not be introduced in mitigation of damages, for the reasons before given.

The opinion of the court was delivered by .

Steele, J.   When the defendants marked their cause " not for the jury," they thereby submitted that judgment should pass against them in case they should fail upon their motion for a continuance, which was addressed to the discretion of the county court. They did fail, and accordingly a judgment was rendered. The defendants thus lost their legal right to a formal trial by either court or jury upon any branch of the case, even the damages. After this failure to sustain their motion, the court could render final judgment against them, causing the damages to be assessed by the clerk in the usual manner in cases disposed of without trial. Still the mode of determining the damages was under the control of the court, and they could, in their discretion, direct that they should be assessed by the court or even by the jury upon trial, and might continue the cause for that purpose. Such was the course pursued in this case, and the exceptions before us were reserved upon the jury trial which was thus had upon

the question of damages after a judgment had passed for the plaintiffs on the main question.

The first point for consideration is whether that judgment had any effect to limit the defendants' right in the introduction of evidence tending to lessen the amount of the plaintiffs' recovery; in other words, whether upon this trial the defendants were at liberty to prove a substantial affirmative defense to a portion of the plaintiffs' damages.

We have no occasion to question the doctrine of CHIPMAN, J., in *Barney* v. *Goff et al.*, 1 D. Chip., 308, that a regular judgment, while in force, is usually as conclusive against defenses to the damages or any part of them, as against defenses to the right to recover.

This, however, has no application to a judgment which is not final, and does not profess to settle or adjudicate the damages. The judgment in this case was not final, but in its nature was preliminary or interlocutory. It professed to settle the plaintiffs' right to the recovery of something, and it professed to leave open for trial the question of how much. Whether the plaintiffs were to recover damages merely nominal, or more, was, we understand, just as fully open for trial and evidence upon both sides, as if the preliminary judgment had not been rendered. Either party might introduce any evidence relevant to that question; but, to adopt the language of PIERPOINT, J., in *Bradley* v. *Chamberlain*, 31 Vt., 468, evidence which *only* went to the *right of recovery*, was not admissible after the judgment, because the party were precluded by such judgment as to that question. It was not, however, any valid objection to evidence which was relevant to the question of damages, that it would also have been legitimate upon the main question if that had been tried. Such evidence must be received and weighed so far as it relates to the question still open. It not unfrequently happens that evidence which might, if used, have been available to prevent a judgment, may, after judgment, be available to reduce the damages to a mere nominal sum.

Having determined that any evidence relevant to the subject of damages, was, notwithstanding the interlocutory judgment, admissible, the remaining question is whether the evidence excluded in

this case, was relevant to that question. The defendants and their co-trespassers had incurred a liability, in its nature joint and several. The plaintiffs had in fact but one cause of action, but they were at liberty to pursue it against as few or as many of the co-trespassers as they should choose. They might sue them separately or together, but very obviously they were not entitled to more than one full satisfaction. The first piece of evidence which was excluded against objection, was the receipt for $65 given by the plaintiffs' attorney to the estate of Simonds, one of the co-trespassers. This receipt by its terms shows that the plaintiffs' damages have been satisfied to the extent of $65, and the defendants had a right to insist upon its application to reduce the plaintiffs' recovery *pro tanto*. To hold otherwise would be to permit the plaintiffs to recover for this portion of the damages twice. If they had received this sum in full satisfaction for their injury, it would have reduced the plaintiffs' recovery to a nominal sum, but they having received it as they did, not in settlement of the cause of action, but merely agreeing to prosecute this trespasser no further, it will only reduce the recovery *pro tanto*. It was not pleaded in bar of the action, and, if it had been, would, under all the authorities, have been no defense to a recovery. Such is the force of the decision in *Spencer* v. *Williams et al.*, 2 Vt., 211, approved and indorsed by PIERPOINT, J., in *Eastman* v. *Grant et al.*, 34 Vt., 389. This evidence went to the question of damages. It does not even appear that it could go to any other, and it should have been received.

But the defendants had also pleaded a technical release under seal of the cause of action, which they alleged was given by the plaintiffs to another of the co-trespassers. This release, if not answered, would have barred all recovery. The plaintiffs do not deny in their replication that they received pay of this party, but say that the release was procured by fraud and surrendered. The defendants offered this release as evidence upon the question of damages, and it is urged that it was properly rejected, because the judgment upon this pleading establishes the fact that it is fraudulent. Even conceding that as a release it is fraudulent, and that the parties intended it, as the replication avers, only as a

*receipt,* it is still admissible to show what compensation the defendants therein admit that they have received. But we do not understand that, upon the assessment of damages after a judgment passed without trial after a failure to procure a continuance, the court look into the pleadings to determine what evidence shall be received. The judgment has not been perfected so as to become a bar. Suppose the plea had been accord and satisfaction, and judgment had thus passed for the plaintiffs. We think the defendants might have proved complete payment to reduce the damages to a nominal sum. As said in *Bradley* v. *Chamberlain,* 31 Vt., 468, the case stands as if judgment had been rendered upon demurrer to the declaration. It would seem, therefore, that they might introduce a release, not as a release of the action, but as evidence upon the subject of some payment by the party to whom it is given, and, if it purported to acknowledge full satisfaction, it would, unless rebutted, reduce the damages to a nominal sum. If rebutted so far as to show there was no full satisfaction, it would still reduce the damages to the extent to which it was payment. We think, therefore, there was error in rejecting this evidence.

It is only necessary to add with reference to a new trial, that we do not hold, as claimed by the defendants, that this evidence as to the amounts which the plaintiffs received from Simonds, was admissible for the purpose of affording a measure or rule of damages. What is done by way of settlement or compromise, is never admissible for that purpose. It is quite as probable, that the plaintiffs fixed the sums they would insist upon from the defendants' co-trespassers, with reference to their opinion of the degree of relative culpability to be attached to them, as with reference to their own injury. They expressly reserved their cause of action. The defendants, being legally liable for the whole, are not entitled to complain that the plaintiffs do not pursue others, or have collected less of others than they seek to recover of them. It is their good fortune that the plaintiffs have collected anything of others. If the plaintiffs have not been fully satisfied for the wrong done them, the defendants can only insist that whatever their co-trespassers have done toward it, shall apply *pro tanto,* and they are

liable for the balance ; and, as it may be a question of fact whether one of the sums received was not received in full payment for the entire injury, the application can not properly be made in this court.

The judgment of the county court as to damages, is reversed, and cause remanded for new trial upon that subject.

PECK, J.   It seems to me that the partial payment should have been pleaded.   In all other respects I concur in the views expressed in the opinion which has been read.