## AZARIAS WILLIAMS *vs.* JAMES WETHERBEE, *adm'r of Samuel Wetherbee.*

The covenant of seizin, if broken at all, is broken when made, and so becoming a *chose in action,* is not assignable. And no action can be maintained thereon by the grantee of the covenantee.

The covenant of warranty runs with the land, and is intended for the benefit of the ultimate grantee, in whose time it is broken. And though the right of action in the covenantee is not extinguished upon his becoming himself a grantor and warrantor, but to some purposes still subsists, yet the last grantee, if unsatisfied by the intermediate warrantor, may primarily have the action against the first warrantor.

If an intermediate grantor has made satisfaction to his grantee, the right of suing upon the prior covenant is in him alone.

What, a sufficient averment of seizin in the plaintiff, who sues as assignee.

In declaring *against* an assignee, it is sufficient to say, generally, that the estate came to him by assignment; *aliter,* in declaring *by* an assignee.

But in declaring by an assignee, it is sufficient, after having properly set out the original deed from the defendant, with the covenant declared on, to derive the title to himself, through intermediate grantors, by stating that they successively conveyed the premises in fee simple, giving the dates of the deeds, without setting forth the operative parts of the intermediate deeds, or the formalities of their execution.

It is not indispensable to aver, that the recovery, constituting the breach of a covenant of warranty, was by *elder and better title;* but it is sufficient if it be averred, that it was elder and independent, and hath prevailed.

A covenant of warranty is more than a covenant for quiet enjoyment. It is an undertaking to defend, not the *possession* merely, but the *land,* and the *estate in it.*

A final recovery in an action of ejectment against the tenant is a breach of the covenant of warranty, and an actual ouster by writ of possession is immaterial.

COVENANT BROKEN.——*Samuel Wetherbee* was attached, to answer unto *Azarias Williams,* in a plea of *covenant broken,* wherein the said Azarias complains, for that the said Samuel, by his certain deed in writing, signed by his hand, and sealed with his seal, by him well executed, dated the 26th day of June, A. D. 1802, and acknowledged and recorded in due form of law, for and in consideration of two hundred dollars, paid to him the said Samuel, by one *Daniel Howe,* of, &c. did give, grant, sell and convey unto him the said Daniel, his heirs and assigns, forever, a certain tract or parcel of land, lying and being in Concord aforesaid, on the common or undivided land, adjoining the second division lot, on the right of *Obadiah Merrill,* being a pitched lot; said tract or lot to be laid out on the west bank of Connecticut river, and to run the length of the above said lot, and to be of an equal width at each end, to contain seventy-five acres; to have and to hold the same, with all the appurtenances thereunto belonging, unto him the said Daniel, his heirs and assigns forever. And the said Samuel did, in and by said deed,

30

covenant to and with the said Daniel, his heirs, executors and assigns, that at the enscaling and delivery of said deed, the said Samuel was lawfully seized of said granted premises, and that he had good right to sell and convey the same to the said Daniel. Afterwards, on the 15th day of March, A. D. 1804, the said Daniel, by his deed in writing, of that date, signed by his hand and sealed with his seal, and by him well executed and acknowledged, and recorded in due form of law, for and in consideration of two hundred dollars, granted and conveyed the above described premises to one *Solomon Hopkins*, of, &c. his heirs and assigns forever. And thereafterwards, to wit, on the 19th day of March, 1804, the said Solomon Hopkins, by his deed in writing, of that date, signed by his hand, and sealed with his seal, and by him well executed, acknowledged and recorded in due form of law, for and in consideration of two hundred dollars, granted and conveyed the same premises, in fee simple, to one *Silus Abbott*, of, &c. And afterwards, to wit, on the 14th day of March, A. D. 1805, the said Silas Abbott, by his deed in writing, of that date, by him signed, sealed, and well executed and acknowledged, and recorded in due form of law, for and in consideration of two hundred dollars, re-conveyed the same premises, in fee simple, to the aforesaid Solomon Hopkins. Afterwards, the said Solomon Hopkins, by his deed in writing, dated the 14th day of March, A. D. 1805, signed and sealed, and well executed by him, and acknowledged and recorded in due form of law, for and in consideration of one hundred and ninety dollars, sold and conveyed said premises to one *Eber Blanchard*, his heirs and assigns forever. Afterwards, the said Eber Blanchard, by his deed in writing, by him signed and sealed, and well executed, dated the sixth day of May, A. D. 1809, and acknowledged and recorded in due form of law, for and in consideration of three hundred dollars, did grant, release and quit-claim the said premises to one *John Williams*, of, &c. his heirs and assigns. Afterwards, to wit, on the sixth day of May, 1809, the said John Williams, by his deed in writing, of that date, signed and sealed by him, and by him well executed and acknowledged, and recorded in due form of law, for and in consideration of three hundred dollars, sold and conveyed to *Azarias Williams*, the plaintiff, the aforesaid premises, to his heirs and assigns forever, as by said last mentioned deed, ready to be produced in Court, will appear. Whereby, and in consequence of the aforesaid premises, the said Azarias Williams became assignee in fee to the aforesaid Daniel Howe, of the premises so conveyed as aforesaid, by the said Samuel Wetherbee, defendant, to the said Howe. And the said Azarias, in fact saith, that the said Samuel, at the time of executing the deed aforesaid, to Daniel Howe, was not lawfully seized of the said granted and bargained premises, in fee simple, nor had he good right and lawful authority to sell the same, in manner and form aforesaid. And thereupon, the said Azarias saith, that the said Samuel, his said covenant not regarding, hath wholly failed to

keep and perform the same, though often thereto requested, but hath altogether broken the same.

*Second count.*----Also, for that the same Samuel, by his certain deed in writing, signed by his hand, and sealed with his seal, by him well executed, dated the 26th day of June, A. D. 1802, and acknowledged and recorded in due form of law, for and in consideration of two hundred dollars, to him paid by Daniel Howe, of, &c. did give, grant, sell and convey unto the said Daniel Howe, his heirs and assigns forever, a certain other tract or parcel of land, being and lying in Concord, &c. [as in the first count] to have and to hold the same, with all the appurtenances thereunto belonging, unto him the said Daniel Howe, his heirs and assigns forever; and the said Samuel did in and by said deed, covenant with the said Daniel, his heirs, executors and assigns, that he would *warrant and defend* the above granted premises against all lawful claims of all persons whomsoever. Afterwards, the said Daniel Howe, by deed, dated the 15th day of March, A. D. 1804, did convey the same premises, in fee simple, to one Solomon Hopkins, for a valuable consideration; and the said Hopkins, afterwards, on the 19th day of March, A. D. 1804, for a like consideration, conveyed by deed, in fee simple, to one Silas Abbot, the same premises; and the said Abbot, on the 14th day of March, A. D. 1805, by deed, for a valuable consideration, did re-convey the said premises, in fee simple, to the aforesaid Hopkins. Afterwards, the said Hopkins, by deed, dated the 14th day of March, A. D. 1805, for a valuable consideration, conveyed the premises, in fee simple, to one Eber Blanchard, and the said Blanchard, by his deed, dated the sixth day of May, A. D. 1809, for the like consideration, granted and quitclaimed the said premises to one John Williams; and the said John Williams, afterwards, by his deed, dated the sixth day of May, A. D. 1809, for the like valuable consideration, bargained and sold the above mentioned premises, in fee simple, to Azarias Williams, the plaintiff, as by said last mentioned deed, ready to be produced in Court, will appear; whereby the plaintiff became seized and possessed of the premises, as assigned to Daniel Howe, the first grantee of the said Samuel Wetherbee.

And the plaintiff farther saith, that afterwards, to wit, on the 7th day of December, A. D. 1813, *Ebenezer Clark,* of, &c. prayed out his writ of ejectment, against the said Azarias, demanding of him the seizin and possession of said premises, which writ was directed to the sheriff of said Essex county, &c. and made returnable before the county court, holden within and for the county of Essex, on the third Monday of December, A. D. 1813, and was duly served, &c. and said action was entered at said term, when such proceedings were had, that the court rendered judgment that the defendant, Azarias Williams, was not guilty; from which judgment, said Clark claimed and was allowed his appeal to the Supreme Court, then next to be holden at Danville, for the counties of Caledonia and Essex, on, &c. at which time said appeal was duly entered, and the said Court,

*Essex,*
March, 1826.

Williams
*vs.*
Wetherbee.

after hearing the allegations of the parties, rendered judgment in favour of the said Clark, that he recover the seizin and possession of the said premises, with one cent damages, and his costs, taxed at $43,51, and that he might thereof have his writ of possession. And the said Azarias further says, that the title upon which the said Clark recovered the aforesaid judgment, was elder and independent of the title derived from the said Samuel, &c.

The original defendant having died pending the suit, his administrator entered an appearance, and pleaded several pleas in bar. The *fourth* and *fifth* pleas in bar to the *first count,* in the declaration, and the *fourth* plea to the *second* count were as follows :

4th plea to the 1st count.

And for further plea in this behalf, as to the said supposed breach of covenant, in said first count of said declaration assigned, the said James, by like leave of the Court here, for this purpose first had and obtained, says that the said Azarias ought not to have or maintain his aforesaid action thereof, against him, because he says, that the said Daniel Howe, of whom the said Azarias claims to be assignee in fee of said premises, in manner and form as set forth in said first count of said declaration, in and by his deed of conveyance of said premises, to the said Solomon Hopkins, mentioned in said first count of said declaration, covenanted to and with the said Solomon, his heirs and assigns, that he the said Daniel was lawfully seized, in fee of said premises, and had good right to sell and convey the same, and that he would warrant and defend the same to the said Solomon, his heirs and assigns forever, against the lawful claims and demands of all persons ; and this the said James is ready to verify, wherefore he prays judgment, if the said Azarias, from having and maintaining his aforesaid action against him, ought not to be barred.

5th plea to the 1st count.

And for further plea, &c. *actio non,* because he says, that the said supposed cause of action, in the said first count of said declaration mentioned, did not accrue to the said Azarias at any time within *eight* years next before the commencement of the said Azarias's said action ; and this the said James is ready to verify ; wherefore, &c.

4th plea to the 2d count.

And for further plea in this behalf, as to the said supposed breach of covenant, in said second count of said declaration assigned, the said James, by like leave of the court here, for this purpose first had and obtained, says, that the said Azarias ought not to have or maintain his aforesaid action thereof against him, because, he says that the said John Williams, in and by his said deed of bargain and sale of said premises, to the said Azarias, in said second count of said declaration mentioned, covenanted to and with the said Azarias, that he the said John was lawfully seized in fee of said premises, and had good right to sell and convey the same, and that he would warrant and defend the said premises to the said Azarias, his heirs and assigns forever, against the lawful claims and demands of all persons, which said

covenants of the said John yet remain in full force, and the said John. was and is thereby bound to indemnify the said Azarias, against the said supposed breach of covenant, in said second count of said declaration assigned; and this the said James is ready to verify; wherefore he prays judgment, if the said Azarias, his aforesaid action thereof against him, ought to have or maintain.

To these pleas there were demurrers, and joinders in demurrer.

*Fletcher,* in support of the demurrer, insisted, that the covenants being real, and running with the land, the right of action vested in the last grantee.

As to the *fifth* plea in bar to the first count, he said the action of covenant was limited to *ten* years, and not to eight, which was conceded by the defendant, and that plea was abandoned.

*Paddock,* contra, contended, that the covenant of *seizin* does not run with the land. If broken at all, it is broken on the delivery of the deed, and becomes a *chose in action.* And on the death of the covenantee, it must be sued by his executor.---*Hamilton* vs. *Wilson,* 4 *Johns. R.* 72.

In relation to the covenant of warranty, he said it was a general rule, that where covenants run with the land, if the land be assigned by the grantee before the covenants are broken, and afterwards they are broken, the assignee alone can bring the action of covenant to recover damages. But if the grantee be bound to indemnify his assignee, against such breach of covenant, then the grantee and not his assignee, must bring the action.---14 *Johns. R.* 89---2 *Mass. R.* 460.

He insisted also, that the declaration is insufficient, and the demurrer going to the first fault in pleading, the defendant was for that cause entitled to judgment.

1. The declaration contains no averment, that the plaintiff ever entered on the land. At common law, there were two modes of taking advantage of a warranty; one by *voucher,* the other by *warrantia charta;* but in neither case could the party recover, unless he had been in possession, and was evicted or disturbed. Since covenants have been introduced into deeds, the rule has not been changed.

That the plaintiff could not get possession of the land, is no breach of the covenant of warranty.

2. The declaration does not allege, that the plaintiff entered into possession and was evicted. The words "whereby he became seized and possessed," are an argumentative conclusion, drawn from the averment, "that John Williams bargained and sold to him, in fee simple," and at most, show nothing but a seizin in law.----*Whitbeck* vs. *Cook and wife,* 15 *Johns. R.* 483.

3. It is not alleged that the several conveyances were by deed, having all the formalities of law, *signed, sealed, witnessed, acknowledged, delivered* and *recorded.*----*Crane* vs. *Collard, Brayt.* 48---*Took* vs. *Glascock,* 1 *Saund.* 251, *and n.* 2, 3---2 *Chitty's Pl.* 262, *note b*----*Cro. Jac.* 291---*Jefferson* vs. *Morton* et al, 2 *Saund.* 11, 12.

4. It is not sufficiently averred, that the recovery was by *elder and better title.* It ought to set forth, that it was by a lawful title, and that it existed before or at the time of the execution of the defendant's deed; otherwise it is bad after verdict.---2 *Saund.* 177, 181, *note* 10, *a----Folliard* vs. *Wallace, survivor of Wells & Wallace,* 2 *Johns. R.* 395----*Foster* vs. *Pierson,* 4 *T. R.* 617---*Hodgson ex'r* vs. *East India Company,* 8 *T. R.* 278.

5. It does not aver an actual *eviction.* On a covenant of warranty, the grantee cannot maintain an action without an eviction by process of law, and an actual *ouster* by him who hath the right.---*Hall* vs. *Dean,* 13 *Johns. R.* 105----15 *Johns. R.* 483.

The covenant of warranty is substantially a covenant for quiet enjoyment, and an allegation of an entry and expulsion is the gist of the action.----3 *Johns. R.* 471.

A recovery in ejectment against the covenantee, is no breach of the covenant for quiet enjoyment; there must be an actual ouster by writ of possession.---*Kerr* vs. *Shaw & Shaw,* 13 *Johns. R.* 236---*Waldron* vs. *Mc Carty,* 3 *Johns. R.* 471----*Kortz* vs. *Carpenter,* 5 *Johns. R.* 120.

The opinion of the Court was delivered by

ROYCE, J. This action is brought on the covenants contained in the deed of Samuel Wetherbee, original defendant, to Daniel Howe, of which the plaintiff claims to be assignee. The first count of the declaration is upon the covenant of seizin, and the second on the covenant of warranty, and the breach of this last is assigned in the final recovery of the land by Clark, in an action of ejectment against the plaintiff. Among other defences, the defendant has pleaded in bar of the first count, that the deed of Daniel Howe to Solomon Hopkins, contained the usual covenants of seizin and warranty, and also that the cause of action did not accrue to the plaintiff within eight years next before the commencement of the suit. And to the second count, that the deed from John Williams to the plaintiff, contained like covenants, which are still in force. To these pleas the plaintiff has demurred, and the defendant has joined in demurrer.

The time of limitation in a case of this kind, being ten years instead of eight, the plea of the statute is abandoned, and the attention of the Court has been confined to the two other pleas. The object of one of them is to show, that as Howe conveyed with covenants, and thereby became liable to his grantee for any defect or failure of title, the remedy on the covenant of seizin did not pass with the land, but remained with Howe, as a means of enabling him to satisfy this liability to his grantee; and the other is introduced to show, that the right of action on the covenant of warranty, remains with John Williams for the same purpose. A general objection, however, is taken, that the covenant of seizin was broken when made, and therefore, being a *chose in action,* was not assignable to the plaintiff. And the Court are disposed to sustain this objection as being agreeable to the general opinion in this state; though the contrary doc-

trine has been recently advanced in England. The first count and the two first pleas demurred to are therefore laid out of the case.

The covenant of warranty is one of those which run with the land, and is intended for the benefit of the ultimate grantee, in whose time it is broken. Where the intermediate conveyances are without a covenant of warranty, no one disputes but the original covenant passes with the land to the last grantee, and vests in him; and if, as the books show, such covenant is dependant upon, and annexed to the tenure, it would seem that as an accessary as incident it should equally attend the principal, whether the latter is conveyed with warranty or without. In the former case, however, the right of the first covenantee is not extinguished upon his becoming himself a grantor and covenantor, but to some purposes still subsists; and the extent and qualifications of this remaining right, make the question now submitted. It is agreed, that when the intermediate grantor has made satisfaction to his own grantee, the right of suing upon the prior covenant is in him alone: but the inquiry still remains, who shall sue the prior covenant, while the intermediate one remains unsatisfied. The cases cited from Massachusetts, hold that the intermediate covenantor *may* bring the action, in respect of his liability to his own grantee; and the authority from New-York, (14 *Johns.* 89) professing to follow these cases, has evidently overleaped them, by holding that he *must* bring it. These cases are all contradicted in Connecticut, where it is decided, that, until satisfaction made to his own grantee, the intermediate grantor cannot sue upon the prior covenant (1 *Con. R.* 244.) Recurring to the general principle, that the assignee is entitled to the benefit of covenants running with the land, and considering him as the only one directly injured by the breach of such covenants, and for whose sake they are created, we think the plaintiff is the person in whom the cause of action for the breach of this original covenant primarily attached. Whether John Williams had not a right of action also, which if previously asserted, would have suspended or defeated the plaintiff's right, is a question which we are not called upon to determine. But his mere liability to the plaintiff does not avoid the present action.

It is next contended, that though the defence may be unavailing, there are defects in the declaration, which entitle the defendant to judgment. The objections are, that it contains no sufficient averment that the plaintiff entered into possession under his deed; that the several conveyances are not sufficiently set forth; that the title under which Clark recovered the land, is not properly described; and that no actual eviction is alleged.

As to the first objection, there is indeed no direct averment, that the plaintiff entered on the land; but we consider the allegation that he was seized and possessed, coupled with the fact that an action of ejectment was supported against him, in which his actual possession must have been shown, sufficient for the

present purpose. It is not the duty of the Court to conjecture, that the recovery in ejectment was collusive, or suffered by the plaintiff, without availing himself of every known defence, and requiring all necessary proofs on the part of his adversary.

With respect to the second exception, there is a distinction between declaring *by* an assignee and *against* him. In the latter case, it is enough to say generally, that the estate has come to the defendant by assignment, without even specifying the different conveyances; whereas in the former, the plaintiff being privy to the *mesne* conveyances, must set them forth sufficiently to show the title vested in himself. In this case, the plaintiff having sufficiently set out the original deed from the defendant to Howe, with the covenant declared on, has derived the title from Howe to himself, by stating that the several grantors successively conveyed the premises by deed, in fee simple, giving the dates of the deeds, but not the operative parts of them, nor any formalities of their execution. It would seem, that in declarations by the assignee of a term for years, where the interest of the original party to the lease was transmitted by a proper deed of assignment, a more particular description of that deed has been considered necessary. These deeds however, were not deeds of assignment, properly so called, but outright conveyances of the land. It is therefore sufficient, if they are well set forth as such; for the assignment of the covenant is but the legal consequence of its union with the land. And it is considered that this concise mode of making out an historical deduction of title to the plaintiff, answers every purpose of justice, by obliging him on trial, to show, at large, the title to which he refers, and by apprising the defendant of all that is to be produced against him.

The third objection is founded upon a literal adherence to the old rule, that to work a breach of this covenant, the entry upon the party must be under an "elder and better title." The language here used is, that Clark recovered upon a title which was "elder and independent." It appears, even from the authorities cited in support of this objection, that no set form of words is necessary to describe the right of the party entering. It is enough in all cases, that it appear to a common intent that such right was paramount to the title of the plaintiff, so that the entry was lawful. A greater certainty may, however, be expected when the entry was by the act of the party, than when it was made under legal process. Probably, whenever it appears that the adverse claim existed at the making of the covenant, and that such claim has been established in a proper suit or judicial proceeding, it is apparently sufficient to occasion a breach of the covenant. The amount of the declaration in this particular is, that Clark had a title which was elder than that of the plaintiff, independent of it, and which was adjudged to be better, and prevailed.

The last objection supposes, that a final recovery in ejectment, by a title adverse and paramount, is not a breach of this cove-

nant, but that the plaintiff must have been actually turned out by writ of possession. In support of this it is said, that a covenant, of warranty is the same in effect as a covenant for quiet enjoyment. If so, there is certainly much weight in the objection. But we regard a covenant of this description as something more than one for quiet enjoyment. It is a covenant to defend, not the possession merely, but the land and the estate in it. Upon this occasion, we are to suppose the title derived from the defendant to have been fairly litigated and adjudged insufficient. The after ceremony of turning the plaintiff out of possession, being an act beyond the control of either of these parties, and depending wholly upon the pleasure of a stranger, ought not to affect the present remedy of the plaintiff. He has the stipulation of the defendant, that he shall forever hold this land, in the character in which he purchased it, as a freeholder in fee simple, and this stipulation must be violated when the plaintiff is divested of all estate, and left in a precarious occupancy, as a trespasser to a third person.

*Essex,*
*March, 1826.*

Williams
*vs.*
Wetherbee.

> Judgment, that the first count in the plaintiff's declaration, is insufficient; that the second count is sufficient, and that the fourth plea in bar to the second count is insufficient.

SKINNER, Ch. J. absent.

PRENTISS, J. having been of counsel, did not sit in the cause.

*Isaac Fletcher,* for the plaintiff.

*Ephraim Paddock,* for the defendant.