## MILTON JUNE AND WIFE *v.* JOHN A. CONANT.

In an action of trespass on the freehold, brought before a justice of the peace, the writ must be made returnable in the town where one of the parties resides, if both parties are citizens of this State; and the writ will abate, if made returnable in the town where the land lies, if neither of the parties resides in that town. In this respect section 16 of chapter 28 of the Revised Statutes, respecting process, does not control section 14 of chapter 26, which specifies where writs, in actions before a justice of the peace, shall be made returnable.

TRESPASS *quare clausum fregit.* The premises, upon which the injury was committed, were described in the declaration as situated in the town of Leicester, in the county of Addison, and the writ was made returnable in said Leicester, before a justice of the peace of the County of Addison. The plaintiffs and defendant were described in the writ as residents of the town of Brandon, in the county of Rutland.

The action came to the county court by appeal ; and the defendant pleaded,—as he had pleaded on the trial before the magistrate,— that the justice of the peace, before whom the writ was made returnable, and who tried the suit, had not jurisdiction of the same, for the reason that all the parties to the suit were residents of Brandon, in Rutland County. The plaintiffs replied that the trespasses complained of were committed upon their close, situated in Leicester, in the county of Addison, and not elsewhere. To this replication the defendant demurred.

The county court held that the replication was insufficient, and that the plea was sufficient, and rendered judgment for the defendant, for his costs. Exceptions by plaintiff.

*E. N. Briggs* for defendant.

The Revised Statutes relative to justices of the peace, chap. 26, sect. 14, must determine the question raised in this case. The action of trespass on the freehold is made local, only when brought before the Supreme or county court. Rev. St., c. 28, §11. This is a statute regulation. *Hunt et ux.* v. *Pownal*, 9 Vt. 417.

*Linsley* and *Wicker* for plaintiffs.

1. The fourteenth section of the justice act, Rev. St. 171, insisted on by the defendant, is expressly, and by its terms, confined to those cases, where there is no other provision of law inconsistent with it. That section, therefore, leaves the question open, to be controlled by any general principal of law applicable to the subject. The eleventh section of chapter 28 of the Revised Statutes, it is believed, establishes the rule applicable to this case.

2. If the statute is silent upon the subject, then we insist that the action, being local at common law, must be brought in the county where the land lies. 3 Bl. Com. 294. *Lienow* v. *Ellis*, 6 Mass. 331.

The opinion of the court was delivered by

HEBARD, J.   This was an action of trespass upon land of the plaintiffs lying in the town of Leicester and County of Addison. The parties both reside in Brandon in the County of Rutland. The suit was brought before a justice, and the court was held in Leicester. The defendant pleaded in abatement the above facts, to the replication to which plea, which alleged that the *locus in quo* was in Leicester, the defendant demurred. The only question is, whether this suit should have been brought in Brandon, where both parties reside.

The statute provides, that " suits before a justice must be made returnable within the town, where one of the parties reside, if either party resides in this state,—unless otherwise specially ordered. By the 16th sec., chap. 28, of "Process," it is provided, that every action, or suit, before the county or supreme court, shall be brought, tried and determined in the county, in which one of the parties resides, if either resides in this state; otherwise the writ, on motion, shall abate; if neither party resides in this state, the suit may be brought in any county in the state; but all actions of ejectment and

83

for trespasses committed on the freehold shall be brought in the county, in which the land lies." This provision is for suits brought to the county court, and can have no qualifying effect upon the provision in the Justice act. There is nothing conflicting between the two provisions of the statute. For county courts there is but one place in the county for holding courts; not so with justice courts.

The action being local at common law will not help to remove the difficulty, so long as the statute is explicit on the subject. *Pitman* v. *Flint*, 10 Pick. 504.

Judgment affirmed.