# DANIEL TILLOTSON *v.* GEORGE PRICHARD.

## *Covenant of Warranty, When it Runs With the Land.*

1. EVIDENCE. POSSESSION. The payment of taxes assessed on land is neither an act of possession nor evidence of a possessory title.

2. AMENDMENT. A declaration counting upon covenants of seizin and right to convey may be amended by a declaration upon the covenant of warranty; for it is only a different description of the original cause of action.

3. PRACTICE. Under a reference, it is immaterial when an amendment of pleadings is made.

4. A COVENANT RUNS WITH THE LAND. A covenant of warranty runs with the land as an incident to it, although the grantor had neither the legal title nor the possession, when all the grantees have had possession; and the last grantee, who holds through several mesne conveyances, and who was evicted, can maintain an action based upon such covenant.

5. PRACTICE. STAYING EXECUTION. And, if in such case the grantor is liable to two actions,—one in favor of his grantee for a breach of the covenant of seizin, and another to his grantee's assignee upon that of warranty, the court can protect his rights by attaching conditions to the judgment, or staying execution.

6. TRANSITORY ACTION. An action for breach of covenant of warranty in a deed of land under our statute, is transitory; and the courts of this State, when the grantor resides here, have jurisdiction, although the land is located in another state.

7. EVIDENCE. There was no error in allowing a surveyor in testifying to use a plan of the lands in contention, although it was in part a copy of the government survey.

8. DECLARATIONS OF PARTY EVICTED. The declarations of the party who evicted the plaintiff, and also of his workmen cutting timber on the land, were admissible to show an eviction.

9. DAMAGES. LEX LOCI REI SITAE GOVERNS. In an action for breach of covenant of warranty, where the grantor resided in Vermont, the grantee in New Hampshire, and the land was situated in Minnesota, the construction of the contract, including the rule as to damages, is governed by the law of the place where the land is situated; and, although the plaintiff was entitled to a judgment, yet, the referee having failed to find, as a fact, what that law is, the court declined to presume that it was the same as the law of this State, and recommitted the case for the court below to determine the damages according to the above rule.

Tillotson *v.* Prichard.

10. DEED, WIFE OF GRANTEE WITNESS TO. The plaintiff's wife was a witness to the deed; by the law of Minnesota she was competent and could be examined with the consent of her husband; the deed was not objected to on the ground that it was defectively executed; *Held*, that the deed was legitimate evidence to show an assignment of the land to the plaintiff; and *quaere* whether a deed defectively executed is not good between the parties.

ACTION of covenant broken. Heard on report of referee and exceptions thereto, December Term, 1885, Orange County, ROWELL, J., presiding. On hearing the plaintiff expressly renounced all claims to recover on the covenant of seizin, and relied on the covenant of warranty only. Judgment on the report for the defendant. Exceptions by the plaintiff.

The declarations mentioned in exceptions 23 and 24 were in effect that Reed, Sherwood and Knight owned the land in contention. The other facts are sufficiently stated in the opinion.

*Farnham & Chamberlain and Barrett & Barrett*, for the plaintiff.

I. The defendant's covenant of warranty in his deed to D. F. Tillotson and Dame has come down to the plaintiff: (1). By force of the deeds themselves, independently of either estate in law, or possession in fact. The question is open in Vermont. This rule violates no principle of law. Its reason and justice are incisively set forth by LAWRENCE, Ch. J., in *Wead* v. *Larkin*, 54 Ill. 489, 499. The only reason against it is, that the covenantors, instead of having a partial title or tortious possession, have none of any sort. On the point of this absurdity, see Rawle Cov. (3d ed.) p. 382, 393 ; *Spencer's Case*, 1 Smith Lead. Cas. (5th ed.) p. 155 ; *Martin* v. *Gordon*, 24 Ga. 536 : *Van Court* v. *Moore*, 26 Mo. 92. (2). By force of the defendant's estate or interest in the land. An assignee can maintain an action on the covenants, " where any interest whatever in the land has passed to him by the assignment, although inferior in quantity to the estate which the deed to the first vendee purported to convey, and terminated by an eviction under a title paramount, accruing subsequently to the assignment," 1 Smith Lead. Cas. 156. An equity of

Tillotson *v.* Prichard.

redemption is sufficient. *White* v. *Whitney*, 3 Met. 83 ; *Beddoe* v. *Wadsworth*, 21 Wend. 120 ; *Dickinson* v. *Holmes* Adm'r, 8 Grat. 353, 402 ; *Fowler* v. *Poling*, 2 Barb. 166 ; *Lewis* v. *Cook*, 13 Ired. 194 ; Rawle on Cov. 388 *et seq.*

(3). By force of the right of possession in the defendant at the time of his conveyance, followed by actual possession taken thereunder. The possession was vacant during Prichard's ownership. But he had the right of possession. "Our conclusion is, that where the covenantee takes possession and conveys, the covenant of warranty in the deed to him will pass to his grantee, although the covenantor may not have been in possession at the time of his conveyance. This is the case at bar." *Wead* v. *Larkin, supra* ; *Martin* v. *Gordon*, 24 Ga. 536 ; Rawle Cov. 388 ; *Cases supra* ; *Dickinson* v. *Desire*, 23 Mo. 151.

(4). By force of the seizin in fact of D. F. Tillotson at the time of his conveyance to the plaintiff.

(5). By force of the fact that the land itself came to the plaintiff.

(6). By force of the fact that the covenantor's deed, with the subsequent deeds, vested in the plaintiff the legal title to a part of the entire parcel conveyed, and thus created a privity of estate as to the whole which will support the covenant.

II. The measure of damages was the value of the land. *Drury* v. *Shumway*, 1 D. Chip. 110 ; *Park* v. *Bates*, 12 Vt. 381 ; *Turner* v. *Goodrich*, 26 Vt. 707 ; *Keeler* v. *Wood*, 30 Vt. 242 ; *Smith* v. *Sprague*, 40 Vt. 43.

III. The deed was not defective, though witnessed by the plaintiff's wife. Minn. Gen. Stat. Ch. 73, ss. 9, 10 ; *Morrill* v. *Morrill*, 53 Vt. 78 ; Rawle Cov. 182. But the defendant waived the objection.

IV. There was no error in allowing the amendment to the declaration. *Waterman* v. *Pass. R. R.* 30 Vt. 610 ; *Boyd* v. *Bartlett*, 36 Vt. 9 ; *Wilson* v. *Widenham*, 51 Me. 566 ; *Slater* v. *Rawson* 6 Met. 439 ; *Haskins* v. *Ferris*, 23 Vt. 673 ;

Tillotson *v.* Prichard.

*Hill* v. *Smith*, 34 Vt. 235. The defendant waived all amendable defects by joining in the reference. *Waterman* v. *Pass. R. R. Co.* 30 Vt. 610; *Laport* v. *Bacon*, 48 Vt. 176; *Cook* v. *Carpenter*, 34 Vt. 121.

V. The action is not local. *Wilder* v. *Davenport*, 58 Vt. 642; *University of Vermont* v. *Joslyn*, 21 Vt. 52; *Clark* v. *Scudder*, 6 Gray, 122; 6 Gray, 331; *White* v. *Sanborn*, 5 N. H. 220. If the action were local at common law, it is not under our statute. R. L. s. 899; *Hunt* v. *Pownal*, 9 Vt. 411; *June* v. *Conant*, 17 Vt. 656; *Pitman* v. *Flint*, 10 Pick. 504; 2 Wait Act. & Def. 387; 10 Ohio, 323.

*Heath & Willard* and *J. K. Darling*, for the defendant.

I. The Vermont courts have no jurisdiction. *Clark* v. *Scudder*, 6 Gray, 122; *White* v. *Sanborn*, 6. N. H. 220. There are elements in the case which seem to make it peculiarly improper for the courts of this State to attempt to exercise jurisdiction. The questions to be decided are questions of title. The same issue which would be involved in an action of ejectment is involved here and must be decided according to Minnesota law. In case of a judgment against the defendant he is entitled to an order from the court requiring a conveyance to him from the plaintiff of the lands in controversy, (47 Iowa, 284; 3 Vt. 403, 409) which order could not be effectually made by a court of this State.

II. The measure of damages for breach of covenants of warranty is the consideration money with interest. *Moore* v. *Frankenfield*, 25 Minn. 540, 542; *Crisfield* v. *Storr*, 36 Md. 129, 150.

III. The plaintiff's deed is not properly witnessed. His wife subscribed her name as one of the two witnesses. *Morrill* v. *Morrill*, 53 Vt. 74. The law of Minnesota requires two witnesses. G. S. Minn. p. 792, sec. 7.

IV. The plaintiff cannot recover upon the covenant of warranty. He cannot recover upon the covenant of warranty because no estate passed to which the covenant could attach

7

itself. Where no estate passes by a conveyance in which covenants are made, the covenants remain covenants in gross, and the right to sue upon them exists only in the original covenantee. This principle is one of long standing. Cases illustrating it are to be found scattered over the whole history of the law, from the earliest times down to the present. Over and over again the courts have decided that an assignee cannot sue upon a covenant of title unless the covenant attached itself to the land at the time of the grant. A simple analysis of the doctrine that covenants run with the land shows that it contains the above indicated limitation within itself. According to *Spencer's Case* (5 Coke, 16,) they cannot become incident to the land, unless there is something in being to which they can attach themselves at the time of the grant. So that if the grantor had no estate at the time of the grant, the covenants could not become incident to the estate at all. There must "have been a conveyance of some definite estate." 1 Smith Lead. Cas. 153, 154. The remedies which the covenants confer are personal, and unless there is an estate to carry them elsewhere "they are simply covenants in gross, and can only be enforced by the original covenantee and his personal representatives." 1 Smith Lead. Cas. 158. "If the land do not pass, the warranty cannot pass." 2 Lomax, Dig. 277.

"But when the covenant of seisin is broken, nothing passes by the deed, and, the substratum having failed, the covenant of warranty cannot descend to the heir, or vest in the assignee. It cannot run with the land, for none having been conveyed there is none for it to run with." *Hacker* v. *Storer*, 8 Me. 228.

In *Slater* v. *Rawson*, 1 Met. 450, the court say: "But to support an action by an assignee, on the covenant of warranty, it is necessary that the warrantor should have been seized of the land; for by a conveyance without such seisin, the grantee acquires no estate; and has no power to transfer to a subsequent purchaser the covenants in his deed; because as no

estate passes, there is no land to which the covenants can attach." See *Andrews* v. *Pearce*, 1 Bos. & Pul. N. R. 158; *Martin* v. *Gordon*, 24 Ga. 536; *Allen* v. *Wooley*, 1 Black f. 148; *Whitton* v. *Peacock*, 2 Bing. N. C. 411; *Noke* v. *Awder*, Cro. Eliz. 417.

. An attempt has been made to lessen the value of the English precedents by assailing *Noke* v. *Awder*, which is one of the earliest cases on the subject.

*Noke* v. *Awder* has been said by one critic to have been practically overruled by later English decisions, and so the whole doctrine, for which we contend, done away with in England.

It is not true that *Noke* v. *Awder* has been overruled. ˙ It seems impossible that anyone should say so who has made any examination at all of the cases. A person knowing the actual tenor of the decisions, and speaking candidly, could not allege this to be the fact. See *Higginbotham* v. *Barton*, 11 A. & E. 307; *Whitton* v. *Peacock*, 2 Bing. N. C. 411; *Brudnell* v. *Roberts*, 2 Wils. 143.

Further it is held that the doctrine of estoppel has no application in these cases under any state of pleadings, for the reason that there is no privity between the parties. There is no privity of contract because the grantor never made any contract with the assignee of his grantee, and there is no privity of estate ˙ because no estate passed. *Carvick* v. *Blagrave*, 1 Brod. & Bing. 531.

Should the courts of this State adopt the possession doctrine they would place themselves in the very dilemma which the New York court suggested in *Fowler* v. *Poling*, 2 Barb. 300; for in this State it has been agreed by this court to hold the covenant of seisin to be a covenant of absolute title, satisfied only by perfect title in the grantor at the time of the grant, and that possession in fact is not enough of an estate to satisfy it. *Richardson* v. *Dorr*, 5 Vt. 9; *Clark* v. *Conroe*, 38 Vt. 469; *Mills* v. *Catlin*, 22 Vt. 98.

Tillotson *v.* Prichard.

The grantor had no possession. *Reed* v. *Field*, 15 Vt. 672. The doctrine that covenant in such a case as this, does not run with the land, is not a curious and highly subtle one ; but it is the rule, that a covenant under any circumstances runs with the land, that is over-refined. Covenants come within the principle that choses in action are not assignable. 1 Pars. Cont. 11.

The opinion of the court was delivered by

Taft, J. The defendant, George Prichard, conveyed the land in question to Daniel F. Tillotson and Henry Dame, by deed, containing the usual covenants, dated the 4th day of June, 1866 ; by subsequent deeds of conveyance the interest of Dame passed to Tillotson, and the latter, on the 18th day of May, 1882, conveyed the premises to the plaintiff.

I. At the time Prichard conveyed the premises to Tillotson and Dame, he did not hold the legal title to them, nor did he have possession of the same, unless the payment of taxes constituted possession. The payment of taxes is not an act of possession, and is not evidence of a possessory title. *Reed* v. *Field*, 15 Vt. 672. Prichard therefore, at the time of his deed, had neither title nor possession.

II. After the conveyance of the land by Prichard to Tillotson and Dame, the latter entered into actual possession of the premises, and they and their grantees in the chain of title continued in possession until the plaintiff was evicted in December, 1882, by Reed, Sherwood and Knight, under an elder and better title. This action is covenant, the original declaration counting upon the covenants of seisin and right to convey. The court permitted an amendment declaring upon the covenant of warranty. The defendant claims that the court had no power to permit the amendment, which is true, if it introduced a new cause of action. Was the cause of action, introduced by the amendment a new one, or a different description of the cause originally declared upon? The original declaration says that the defendant hath not kept his

covenants, for that he was not lawfully seized and had not good right to sell and convey the premises, and for that Reed and others were the lawful owners and hath evicted the plaintiff and driven him from the possession of said land. The amended declaration adds the fact that the defendant hath not warranted the said premises and for the same reasons alleged in the original declaration. Where the original declaration counted upon the covenant against incumbrances, it was held by this court that an amendment adding a count upon the covenant of warranty was properly allowed. *Boyd* v. *Bartlett*, 36 Vt. 9. This case justified the ruling of the court below, and we think is correct in principle. The defendant insists there was error for the reason that the amendment was not permitted until after the evidence had been heard by the referee. It has been many times held that judgment should be entered upon the report of a referee, whenever, without changing the nature of the action, the declaration or pleadings could be so amended, as to accommodate them to the facts found by the referee. Rob. Dig. Tit. Reference, I, sub. div. 5, 6, and cases cited. We think under this rule the time when the declaration was amended was immaterial.

III. The plaintiff claims to recover upon the covenant of warranty only. This covenant is one of those that run with the land, and is intended for the benefit of the ultimate grantee in whose time it is broken. *Williams* v. *Wetherbee*, 1 Aik. 233. Until breach, the covenant passes with the estate by purchase and can be enforced when broken, by the covenantee or his representatives, or, if the estate has been assigned, by the assignee of the covenantee, who claims under the seisin vested in him. Rawle on Cov. s. 213. The covenant attached to a grant does not pass by the deed from the covenantee to his assignee, but only by the land conveyed. It passes not by the form of the conveyance, but merely as an incident to the land.; so when the grantee takes no estate under the grant, no assignment of the land by him can transfer it to the

assignee. As it is not capable of a direct transfer, so as to enable the assignee to maintain an action for its breach in his own name, it cannot pass by the operation of the assignment, for it cannot run with the land which the grantee does not have to convey. And this doctrine, Rawle in his work on Covenants says, prevails generally throughout the United States. In 1 Smith's Leading Cases, 183 in the notes to *Spencer's Case*, 5 Coke, 16, it is stated that in England when nothing but bare possession of the land passes by the conveyance, the covenant does not pass, either by the direct or indirect operation of the assignment. But the tendency of the American cases is to hold that possession is a sufficient estate to cause the covenant to attach to the land, and upon an assignment or transfer of the land by the covenantee to pass to the assignee. Rawle on Cov. s. 233. Possession is an estate that in time may ripen into a perfect title. The defendant's counsel insist that it was necessary that the covenantor, Prichard, should have had possession, that possession in the covenantees was not sufficient to attach the covenant to the land, and that it could not be made to attach by any possession of the covenantees taken by them subsequently to the grant. The referee finds that Tillotson and Dame took actual possession of the premises under their deed from Prichard. The covenant of warranty was of force in their hands by privity of contract, and when they sold the land having taken possession of it under their deed, the covenant attached to the land and passed with it to the grantee. The first time the question whether the covenant passes, as attached to the land, can arise, is, when the covenantee assigns the estate ; and if he then has possession of the land, holding it under his deed, why does not the covenant pass with the land? To so hold does no injustice to the covenantor. He is only called upon to make good his covenant.

It is said a grantor may be liable to his grantee in an action for a breach of the covenant of seisin, and to an assignee of the grantee upon that of warranty. Concede this to be true, the court

can properly protect the rights of the defendant in either case, by attaching such appendages to the judgment, or, staying the execution, as will prevent injustice in any event whatever; as was done in *Catlin* v. *Hurlburt*, 3 Vt. 403. In that case the plaintiff had conveyed the land to Lynde Catlin, and then brought his action on the covenant of seisin. The court giving judgment for the plaintiff ordered stay of execution until the plaintiff procured from Lynde Catlin and lodged with the clerk for the benefit of the defendant, either a quit-claim deed of the premises, or a suitable discharge of the covenant of warranty contained in the defendant's deed to the plaintiff. And see *Blake* v. *Burnham*, 29 Vt. 437. In case the defendant apprehends any danger from a second action, he can apply to the court, at the time of final judgment, for such orders in respect thereto, as he thinks he is entitled to. Can it be in any manner consistently claimed that the land in question with the covenant did not pass to the plaintiff by virtue of the deed from the defendant? Can he say it is not his deed? He conveyed the land, his grantees took possession of it and conveyed it to the plaintiff. And is not their possession, tortious though it may be against the lawful owner, derived from and under the deed from the grantor? And if so, why did not the covenant pass to them with the possession? We think the covenant passed, as attached to the estate, when the grantees having taken possession under their deed conveyed the premises to the plaintiff. Rawle on Cov. s. 233; *Beddoe* v. *Wadsworth*, 21 Wend. 120; *Mead* v. *Larkin*, 54 *Ill.* 489; *Allen* v. *Kennedy*, (Mo.) 6 West. Rep. 845; *Fields* v. *Squires*, 1 Deady, U. S. C. C. 366.

It may be well, in this connection, to refer to the precedents of the declarations in actions in this State, for the breach of the covenants of warranty. In *Williams* v. *Wetherbee*, *supra*, the premises had come to the plaintiff through several mesne conveyances, and after the allegation of the conveyance to the plaintiff it is alleged " whereby the plaintiff became seized and

possessed of the premises," it being nowhere alleged that the defendant or any of the prior assignees had ever been in possession of the premises. It was argued under the demurrer to the pleas that the declaration itself was defective in that it did not allege that the plaintiff entered into possession of the premises and was evicted; but the court held that the allegation "whereby he became possessed; etc.," was a sufficient allegation of the possession. In *Beardsley* v. *Knight*, 4 Vt. 471, after setting forth the execution by the defendant of the deed containing the covenant, and the assignment of the land to the plaintiff by Hatch, the covenantee, it is alleged that Beardsley, the plaintiff, and assignee of the covenant, entered into possession of the premises, without any allegation that Beardsley the covenantor, or Hatch the covenantee, was ever in possession of the same. In *Wilder* v. *Davenport's Estate*, 58 Vt. 642, an action for the breach of the covenant of warranty in favor of an assignee of the covenant, Davenport, when his deed was given, was not in possession of, and had no title to, the land. He deeded, with covenant of warranty, to Potter, the latter in like manner to Booth, who subsequently quitclaimed to the plaintiff, Wilder. Judgment was rendered in the Supreme Court for the plaintiff. It is true that the question now under consideration was not raised in the above cases; but it can hardly be supposed that it would have escaped the attention of the able counsel engaged, had they regarded it as a tenable one. The cases indicate how the question has been regarded heretofore by the bar in this State; for if possession by the covenantor had been necessary to cause the covenant to attach to the land, it would no doubt have been so alleged in the declaration; and if not so alleged, the declaration would probably have been met by a demurrer.

IV. The defendant contends that this court has no jurisdiction of the action; that it is local and can only be maintained in the state where the land lies. Such, undoubtedly, was the rule at common law. By that law, if the action for the breach of a covenant was founded upon *privity of contract* it was

transitory; *e. g.*, covenant between the original parties; but if upon *privity of estate*, it was local. By this rule, all actions brought by the assignee of an estate conveyed with covenants running with the land, against the covenantor, to enforce such covenants, were local. In covenants concerning land, an assignee of the land is a stranger to the personal contract between the parties thereto; he is not privy to it; and the only right he has to maintain an action in his own name for their breach, is upon those covenants which "run with the land," or in other words, those which *follow the interest demised*; and hence the action is said to be founded upon *privity of estate*. It is when the right or obligation created by the covenant is attached to the interest conveyed or to the estate out of which it is created, so that the right or obligation upon an assignment of the estate, devolves upon the assignee. Goulds Pl. Chap. III. s. 118, div. 2; Chitty Pl. 270. But it is argued that the action is local, for that in case of a judgment against the defendant he is entitled to an order from the court requiring a conveyance to him from the plaintiff of the lands in controversy, and the order could not be effectually made by a court in this State; and cite the cases of *Catlin* v. *Hurlbut, supra*, and *Shorthill* v. *Ferguson*, 47 Iowa, 284. We do not say that the defendant is entitled as matter of right to such an order. The latter case was in equity and the court held that before it would enter judgment for the plaintiff he must tender a conveyance of the land to the defendant; the same result being reached in the other case cited, by stay of execution. The judgment of the court in such cases does not effect the title to the land, by any direct action or process, against the land itself; but the court having obtained jurisdiction of the person of the owner it may, in a proper case, decline to enter judgment, or, it may stay execution after judgment, until he make such conveyance as justice requires him to do, as a condition of obtaining judgment and execution. Indeed cases in equity go much farther. Rorer on Int. St. Law 207, 211. The judgment in no way affects

the real estate; it is *in personam*, sounding in damages only. But it is enough to say that the common law, as to certain actions, including the one at bar, being local, has been superseded by our statute, regulating the places in which actions shall be brought, and none are local unless made so by statute. *Hunt* v. *Pownal*, 9 Vt. 411; *June* v. *Conant*, 17 Vt. 656; *Univ. of Vermont* v. *Joslyn*, 21 Vt. 52. This action by our statute is transitory.

V. The defendant filed sixty-two exceptions to the report of the referee. Except those numbered 15, 18, 22, 23, 24, 31, 33, 37, 43, 48, 51, and 52, they are either waived or rendered immaterial by the disposition of questions already made. Nos. 15, 18, 22, and 43 relate to a plan of the land, made by a surveyor, and used by him when testifying. There was no error in permitting its use. The main reason urged against its use, is, that it was in part a copy of the government survey. This did not render it objectional, but rather tended to add to its correctness. It was made by the witness from surveys of the government and his own observations. Such plans are constantly used in trials and ofttimes are of great service. The exceptions Nos. 23 and 24 relating to the declarations of Reed, Sherwood and Knight and their workmen on the land, in the year 1882, we think were legitimate evidence to show an eviction of the plaintiff.

We have not been furnished with a copy of the testimony of Tillotson referred to in exceptions Nos. 31, 33, and 52, nor the depositions or copies thereof referred to in Nos. 37, 48, and 51, therefore are unable to say that there was any error in the referee's rulings. This disposes of the exceptions to the report, relied upon at the hearing.

VI. The deed of Daniel F. Tillotson to the plaintiff purporting to convey the land in question, and under which the plaintiff claims that the covenant of waranty came to him, was executed in the presence of two witnesses, one of whom was

Tillotson v. Prichard.

the wife of the plaintiff. The defendant claims it was not properly executed. The law of Minnesota required two witnesses to the execution of a deed. Gen. Stat. Minn. 1878, 535, s. 7. The test of competency as stated in *Morrill* v. *Morrill*, 53 Vt. 74, is the ability of the witness, at the time of the attestation, to testify. By the law of Minnesota she was a competent witness and could be examined with the consent of her husband. Gen. Stat. Minn. 1878, 792, ss. 7, and 10, first subdivision. We think when the plaintiff offered the deed in evidence he did consent to her being a witness. The deed was not objected to when offered in evidence for the reason that it was defectively executed. It was pertinent evidence tending to show an assignment of the land to the plaintiff, and not being objected to because not properly witnessed, became legitimate evidence. *Quære*. Whether a deed defectively executed is not good between the parties to it. *Fitch* v. *Lewiston Steam Mill Co.* (Me.) 5 New Eng. Rep. 862.

VII. The covenant sought to be enforced was contained in a deed executed in Vermont, the grantor domiciled there, the grantees in New Hampshire. The land described in the deed was located in Minnesota. The question arises, by what law is the contract to be governed? The defendant insists (see brief point I.) that the questions "must be decided according to Minnesota law"; and the plaintiff's counsel invoke the aid of that law, upon the questions of the execution of the deed and the transitory character of the action. The contract being one which could only be performed in Minnesota, the parties evidently had in view the law of that state in reference to its execution. We think its construction and force, including the rule as to damages, must be governed by the law of that state. 2 Kent Com. 459. "The law of the place where performance is to occur governs in respect to the validity and performance of contracts made in one state but to be performed in another." Rorer on Int. St. Law, 50. "Matters connected with * * * * * * performance are regulated by the law prevail-

ing at the place of performance." *Scudder* v. *Bank*, 1 Otto. 406, 413. The plaintiff claims damages under the rule in this State, *viz.* : the value of the premises at the time of the eviction. The referee makes no finding of what the law of Minnesota is. It should have been found as a fact. No claim is made that we should presume it to be the same as the law of this State, as we perhaps have the power to do. *Ward* v. *Morrison*, 25 Vt. 593.

We hold upon the facts reported that the plaintiff is entitled to a judgment; but instead of rendering one for nominal damages, as is sometimes done in cases where the actual damages are not shown, or presuming that the law of Minnesota is the same as that of Vermont, for the value of the premises at the time of the eviction, which might work great injustice, as the plaintiff is, by right, entitled only to damages accorded him by the law of Minnesota, and the court below having no occasion to examine the subject of damages, the judgment there having been for the defendant, we reverse the judgment and remand the case that the County Court may determine by a recommittal of the report or otherwise, what damages the plaintiff is entitled to by the rule which obtains in Minnesota, and render judgment accordingly.

Judgment reversed and cause remanded.